PETER DUFLO v. FREDERICK JUIF AND PETER GIRARD.

*Practice in circuit courts—Exception to ruling—Deed as evidence
—Recital of consideration.*

1. The reception of a deed in evidence having been objected to, the
   court admitted it with a direction to note an exception.

   *Held,* that the object of an exception is to point out on what
   rulings the excepting party proposes to base his claim of error,
   and, unless he does it himself, there is some danger that it may
   leave his position in doubt; but if he accepts the judge's action,
   it will be sufficient.

2. Where a deed was an element of a settlement relied upon by the
   party offering it in evidence, an objection to its reception *at all*
   is untenable, as the paper is not provable satisfactorily unless
   produced.

3. Plaintiff sued defendants on a note claimed by them to have been
   paid by a settlement resulting in the deeding of a farm to
   plaintiff in full payment of that and other debts.

   *Held,* that the deed was admissible in evidence, it being a
   material circumstance whether the consideration named therein
   was sufficient to cover all the claims alleged to have been settled.

Error to Wayne. (Chambers, J.) Argued October 28, 1886.
Decided November 4, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*T. M. Crocker (John G. Hawley,* of counsel), for appellant:

The recital of a consideration in a deed is merely to give it
effect as a conveyance, and for any other purpose parol evi-
dence is resorted to to show the *real* consideration: Strohauer
v. Voltz, 42 Mich. 447.

Such recital is not evidence, in favor of the vendor, of the
actual consideration: *Mowrey v. Vandling,* 9 Mich. 41.

*Edgar Weeks,* for defendants.

(No authorities cited.—REPORTER.)

CAMPBELL, C. J. Plaintiff sued defendant on a note for $200, dated May 7, 1883. The defense was that the note was without consideration, as given for an alleged balance of old transactions, which included two notes actually paid in a settlement in which a farm was deeded to plaintiff in full liquidation of all debts, leaving a balance coming to Juif of any excess obtained on sale.

The testimony conflicted upon the circumstances of the settlement and deed. Defendants' witnesses made out a case, if accepted by the jury. Plaintiff contradicted them.

The only errors assigned relate to the reception of the deed in evidence, and what was said concerning it. Although there are three assignments of error, there was but one ruling excepted to, which was under these circumstances:

Defendants' counsel, having offered to show the value of the farm, was not allowed to do so by parol evidence, the court saying that the deed would show for itself. This was after the circumstances and consideration in fact had been shown. Counsel then offered the deed itself in evidence. Plaintiff's counsel objected to its admissibility at that time as immaterial, irrelevant, and incompetent. He said he did not deny the fact that a deed was given, but denied the consideration.

The court said:

" Let it in for the purpose of showing that it was given for the entire debt, and note an exception."

It was not, perhaps, strictly for the court, but for the party, to determine whether an exception should be taken, and what it should cover. The object of an exception is to point out on what rulings the excepting party proposes to base his claim of error, and, unless he does it himself, there is some danger that it may leave his position in doubt. But if the party sees fit to accept the judge's action, it will be sufficient.

The objection taken by counsel went to its reception in evi-

dence at all, which was clearly an insufficient objection, as it was an element of the settlement relied upon, and was not provable satisfactorily unless produced. It was not at the time asserted by defendants' counsel as in itself conclusive proof of the consideration. It had already been shown by direct proof what that consideration was, and the subject was afterwards followed up on both sides. It was not treated by anybody as decisive in itself. On the contrary, the charge to the jury left as the only question to be decided whether the notes which were the consideration of the $200 note sued on were included in the settlement made when the deed was given.

It does not appear to us that it was improper to allow the deed to be introduced, and it seems to us that the question whether the consideration named was large enough to cover the whole previous claims was material as a circumstance. No ruling was requested as to its value as evidence, in connection with or as opposed to other proofs. It came in at an early stage of the case, and the whole facts attending its execution were discussed and made subjects of proof, in the subsequent course of the trial, without any hint from either side, or from the court, that the deed had in any way narrowed the issues. There is nothing in the record which satisfies us that either court or jury treated, or could have treated, it as not controlled by the extrinsic proofs. We cannot assume error that is not reasonably apparent. Had any charge been requested upon the importance of the recital in the deed, we have no reason to suppose the court below would have ruled wrongly upon it, especially as the whole contest on the subject was gone over by witnesses, speaking upon the facts themselves, without objection from any one.

The judgment must be affirmed.

The other Justices concurred.