## Salathiel Mead, Plff. in Err., v. Peter White.

A witness may use a paper containing a list of items to refresh his memory, when he knows the entries to have been correct when he made them, even though not admissible as entries made in the course of business in a book of original entries.

Where an alleged settlement is attacked, it is admissible to prove the several items which preceded it and were claimed to have been considered and included in the settlement.

(Argued March 17, 1887. Decided March 28, 1887.)

January Term, 1887, No. 268, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas of Sullivan County to review a judgment on a verdict for plaintiff in an action of assumpsit. Affirmed.

This action was brought by Peter White against Salathiel Mead to recover for a balance on a book account, and for labor done for defendant. Defendant pleaded the general issue and set-off. Plaintiff obtained a rule on defendant for a statement of the matters of set-off. This was filed and consisted of items of book account, running back a number of years. On notice from defendant, plaintiff gave him a bill of particulars which also stated that plaintiff would claim a settlement February 22, 1882, when a balance of $14.41 was found due the plaintiff; and would also claim $101 for work done on the "Dutchman's Run Road," and, if the defendant denied the settlement of February 22, 1882, the plaintiff would claim for various items of book account, naming them, which entered into that settlement.

In the trial in the court below before SITTSER, P. J., the following facts appeared:

In the years 1880 and 1881 Mead, as supervisor of the township of Laport, employed White to work upon the roads in said township. White received his pay for all work done upon said roads except $101 for work done upon the "Dutchman's Run Road." Upon this claim there was a controversy as to whether the same was due at the time the suit was brought.

NOTE.—For the use in evidence of entries which are not original, see note to Charles v. Bishoff, 1 Sad. Rep. 260.

It appeared that the claim of Mead against the township for such work, including the amount to be paid White for his labor, was duly audited; but the report of the auditors was appealed from, and a trial had in court and an appeal taken to the supreme court where the matter was still pending. There was also between the parties a contract by White for the purchase of the land from Mead, on which land White was then residing; and it further appeared that in March, 1883, just previous to the commencement of this suit, the balance due on such contract was paid to the attorney in whose hands it had been left, by Mead, for collection.

At the trial the plaintiff first called the defendant for cross-examination under the statute, who testified that he and the plaintiff had a settlement in September, 1880, of all their accounts except as to rent for the use of his house and the account between them in regard to exchanging work. Defendant denied having any settlement, February 22, of any account between himself and the plaintiff, except for work done upon the road.

Plaintiff was called as a witness for himself and testified to the circumstances relating to the alleged settlement of February 22, and that he wrote in his account book, which he had with him, according to the direction of the defendant who read to him, and that he wrote down just what had been told him; that the defendant told him the figures, and he put them down as told. Counsel for plaintiff offered the book in evidence.

This was objected to by defendant, because "it is not a book of original entry. It is not signed by anyone and is no evidence of anything whatever. It does not strengthen the case in any way. It is entirely irrelevant and immaterial. It is merely a memorandum the witness says he made at that time."

The counsel for plaintiff offered it in connection with the testimony of the witness.

The Court: As a paper in support of anything else, of course it would not be evidence; but the witness swears that it was written at the dictation of the defendant in the case; in connection with his testimony it must go to the jury. Exception noted for defendant.

Counsel for plaintiff also asked witness the following questions:

*Q.* You can please go on and state what items of indebtedness

you have against Salathiel Mead, prior to your settlement on the 22d day of February, 1882.

Counsel for defendant object to the question as irrelevant and immaterial.

The Court: We will allow you to show the account. The fact that the witness has testified there was a settlement, if it was an admitted fact in the case, you would be bound by it; but as long as the defendant disputes it we will allow you to introduce your account.

Now, go on, Mr. White, refresh your memory with your papers and books, and testify to what items of work you furnished to him, beginning at the first charge you have and work your way up.

(Counsel for defendant objected to the witness's reading from anything unless it was made at the time and by himself.)

Q. That account you have there upon your paper; where did you obtain that account?

A. Well it is a—I drawed it off from the other—

Q. Drew it off for your convenience to look at?

A. Yes, sir; one thing I would like to explain; this account is most of it, was in a pocket memorandum; I carried it around and it had been all settled, and they had been laid away. I had carried some of them until they had about worn out; the binding was worn off, and was settled up, and I supposed never would be called on; and I gave them up, and didn't give them any attention until I was called on, and had to hunt them up and get them the best I could.

Q. Will you swear that each one of these items that you are about to testify to are truthful items of indebtedness from Mr. Mead to you?

A. Yes, sir.

The Court: We will allow you to use the paper. Exception noted for defendant.

The defendant offered to prove by himself and four other witnesses that what took place between the parties at the time testified to by the plaintiff in his direct examination, when he said he demanded a settlement of defendant, and that defendant became enraged and threatened him with violence, etc., was not true and that no such scene occurred as he detailed. Objected to.

The Court: This will not increase the amount due the plain-

tiff from defendant. It is irrelevant. Offer overruled. Exception noted.

The court charged the jury, *inter alia,* as follows:

"It seems to be conceded by both parties in the case that this $101 was to be applied upon the contract for land. But Salathiel Mead has collected the contract for the land and put it out of his power to indorse it upon it, so that he must pay to Peter White the $101 in money, whenever it is due, and it is for you to say under the evidence, and under all the testimony in the case, when that is due."

The jury returned a verdict for plaintiff for $142.87 and judgment was entered thereon.

The assignments of error specified the admission and rejection of the evidence as above noted, and the portion of the charge to the jury quoted.

*Thomas J. Ingham* and *E. M. Dunham,* for plaintiff in error. —In order to make a writing evidence against a party, it must either be signed by him or by someone authorized by him, or must be in his writing, or else must be an entry made in the course of business in a book of original entry, that being the only exception to the general rule that it must be in the handwriting of the party against whom it is offered, or signed by him.

It was error to permit plaintiff to read, from loose sheets of paper, an account admitted by him to have been copied from memorandum books, since suit brought, where some of those books were yet in existence. First Nat. Bank v. First Nat. Bank, 4 Sad. Rep. 297; Dodge v. Bache, 57 Pa. 425.

*Ellery P. Ingham,* for defendant in error.—Permitting the plaintiff to testify to items of charge, using in aid of his memory a written memorandum, not original, was not error. King v. Faber, 51 Pa. 393; Allegheny Ins. Co. v. Hanlon, 31 Phila. Leg. Int. 372; Babb v. Clemson, 12 Serg. & R. 329; Heart v. Hummel, 3 Pa. St. 415; McCormick v. Pennsylvania C. R. Co. 49 N. Y. 315; Robertson v. Lynch, 18 Johns. 451; Ætna Ins. Co. v. Weide, 9 Wall. 677, 19 L. ed. 810; Republic F. Ins. Co. v. Weide, 14 Wall. 375, 20 L. ed. 894.

PER CURIAM:

It may be conceded that the written memoranda were not ad-

missible as entries made in the course of business in a book of original entries, yet it is well settled that a witness may use a paper containing a list of items to refresh his memory, when he knows the entry to have been correct when he made it. The alleged settlement having been attacked, it was clearly admissible to prove the several items which preceded it, and were claimed to have been considered and included in the settlement.

We see no error in the rulings relating to the admission of evidence, nor in the charge of the court.

Judgment affirmed.