## Jacob Frank v. James Heaton.

1. SETTLEMENTS—*Favored in Law.*—The law favors compromises and holds that the settlement of a doubtful claim, when there is neither actual nor constructive fraud, and the parties act in good faith with full knowledge of the facts, is a sufficient consideration to support a promise.

2. SAME—*Evidence of the Matter Compromised, Competent.*—Where a settlement is relied upon as a foundation for an action, evidence of the transaction compromised is proper to show the foundation of and circumstances surrounding the agreement to settle.

3. RES GESTÆ— *What is Competent as.*—Where fire escaped from an

engine and burned stacks of grain near by, evidence of what the owner of the stacks said to the man in charge of the engine is competent as a part of the *res gestœ* of the transaction.

**Memorandum.**—Assumpsit. In the Circuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presiding. Declaration; special and common counts; plea, general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

J. E. McPHERRAN, attorney for appellant.

APPELLEE'S BRIEF, F. E. ANDREWS, ATTORNEY.

The compromise of a doubtful right, though it afterward turns out that the right is on the other side, when there is neither actual nor constructive fraud, and the parties act in good faith with a full knowledge of the facts, is a sufficient consideration to support a promise. Honeyman et al. v. Jarvis, 79 Ill. 322; McKinley v. Watkins, 13 Ill. 140; Husband v. Epling, 81 Ill. 172; Sigsworth v. Coulter, 18 Ill. 204; Miller et al. v. Hawker, 66 Ill. 186.

And this is true even where the parties are mistaken as to the law. Stover v. Mitchell, 45 Ill. 213; Broadwell v. Broadwell, 1 Gilm. 604; Shafer v. Davis, 13 Ill. 395; Campbell v. Carter, 14 Ill. 291; Sibert v. McAvoy, 15 Ill. 109; 1 Story's Equity Jurisprudence, Sec. 111, *et seq.*

The real consideration which a party receives under a compromise being, not the sacrifice of the right, but the settlement of the dispute and the abandonment of the claim, the fact that the one may have had no claim is immaterial, if he was honestly mistaken. Honeyman et al. v. Jarvis, 79 Ill. 322.

An adjustment of any unliquidated demand, whether in dispute or not, stands on similar principles. Sutherland on Damages, Vol. 1, 430; Donahue v. Woodbury, 6 Cush. 148; Bateman v. Danelis, 5 Blackf. 71; Harris v. Storey, 2 E. D. Smith 363; Longridge v. Dorville, 5 B. & A. 117.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit by appellee against appellant to recover

the agreed price of 1,200 bushels of oats belonging to the former, and destroyed in stack by fire escaping from the engine of appellant's thresher while engaged in doing a job of threshing for appellee on the latter's farm.

· The declaration, as originally filed, was in assumpsit, and contained only the common counts; but after the evidence ceased a special count was added, claiming recovery on a special agreement between the appellant and appellee, whereby it was charged appellant settled the claim of appellee for damages in negligently setting fire to his oat stacks, on a basis of 1,200 bushels of oats at twenty-five cents per bushel, or $300; $129 had been paid in cash, and a threshing bill of $29, and recovery was had for the balance. The appellant's counsel insists, as a main ground for reversal, that there was not sufficient evidence to show any substantial claim on the part of appellee against appellant on which to even base a promise to pay.

We think the evidence is amply sufficient to establish, not only such a claim, but even to have established it without any settlement or promise.

It appears appellant set the engine in such a way as that the smoke and sparks from the engine were driven by a strong wind directly toward the stacks, instead of setting it on the west side of the stacks so that the sparks would have been driven in the opposite direction. Appellant acknowledged this at the supper table at appellee's, as shown by the evidence of Wm. Chiles, that "if he had set the engine the way Heaton (appellee) wanted to, it would have been all right." In this view of the evidence appellant made a positive agreement, as shown by the great preponderance of the evidence, to pay for the oats the amount stated, which the evidence tends to show was less than the real loss; but appellee was· disposed, under the circumstances, to be lenient and reasonable in the matter, considering the misfortune and the loss to appellant by the accident.

The law favors compromises, and holds that the settlement of a doubtful claim, though it afterward turns out that the right is on the other side, when there is neither

actual nor constructive fraud, and the parties act in good faith, with the full knowledge of the facts, is a sufficient consideration to support a promise. Honeyman et al. v. Jarvis, 79 Ill. 322; Hubbard v. Eppling, 81 Ill. 172; and many other cases might be cited. The admission of the evidence of the circumstances of the burning was proper to show the foundation of and circumstances surrounding the agreement to settle, and whether competent to support the many counts, it was certainly made competent after the addition of the count on the promise. C. & Pac. R. R. Co. v. Stein et al., 75 Ill. 41; R. S., Chap. 7, Sec. 1; McCollom v. Ind. & St. L. R. R. Co., 94 Ill. 534.

The evidence of what appellee said to Doolan, who was in charge of the engine, tended to show Doolan in charge, and was a part of the *res gestæ* of the transaction.

The fourth of appellee's instructions is not liable to the criticism made, that the instruction does not require the jury to base its finding on the evidence. The instruction starts out with that hypothesis, and the clause is understood in all the other clauses of the sentence and instruction. It is not necessary to repeat the requirement in every clause of the instruction, that the jury must find from the evidence. Wetzell v. Grizzell, 82 Ill. 325. This applies to the thirty-ninth and all other instructions based on such requirement. There was no error in appellee's second instruction in telling the jury that it made no difference even if appellant was not liable in the first instance. Honeyman v. Jarvis, 79 Ill. *supra.*

There was no error in modifying appellant's instructions. They were erroneous and should have been refused, and the court did not err in modifying each of them. Seeing no error in the record, the judgment of the court below is affirmed.