(25 Misc. Rep. 219.)

O'BRIEN et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

BROWN v. SAME.

(Supreme Court, Special Term, New York County. November, 1898.)

1. MUNICIPAL CORPORATIONS—COMPROMISE OF CLAIMS.
   A municipal corporation may compromise a claim against it.
2. SAME.
   A compromise of a claim against a city may be concluded by the corporation counsel, especially with the formal and official sanction of the mayor, comptroller, and other officers.
3. COMPROMISE—CONSIDERATION.
   There is sufficient consideration for the compromise of a claim, if the parties in good faith advance opposing pretensions, although the claim be without legal validity and incapable of enforcement.
4. SAME.
   A judgment entered on a compromise will not be disturbed if the compromise was made in good faith, by competent authority, and upon sufficient consideration.

Motion by defendant to open judgments entered on offers by the corporation counsel in compromise of claims against the city of New York. Denied.

Kellogg, Rose & Smith (L. Laflin Kellogg, of counsel), for plaintiffs.
John Whalen, Corp. Counsel (Charles Blandy, of counsel), for defendant.

PRYOR, J. The decision of the motion depends upon three conditions: Was the settlement effected in good faith? Was it effected

in the exercise of competent authority? Is it supported by a sufficient consideration? An affirmative answer to these questions involves necessarily a denial of the motion. The first is concluded by this explicit concession of the corporation counsel: "We conceive it to be the fact that, in approaching this adjustment, and in the carrying of it out, all parties concerned were acting in the best of good faith; and we are willing to go farther, and concede that Mr. Scott sincerely believed the best interests of the city would be subserved in getting rid of these alleged claims upon the basis of these offers." Indeed, the transaction, as apparent upon the papers, admits of no other inference. Neither is the second question open to serious controversy. That a municipal corporation may compromise a claim against it is settled by abundant authority. Dill. Mun. Corp. §§ 477, 478; Beach, Pub. Corp. § 638; Board v. Bowen, 4 Lans. 24; City of Buffalo v. Bettinger, 76 N. Y. 393; Hills v. Bank, 101 N. Y. 490, 497, 5 N. E. 327; Prout v. Fire Dist., 154 Mass. 450, 28 N. E. 679. And that such compromise may be concluded by the law officer of the city has already been adjudged at the instance of the present corporation counsel. Bush v. Coler, 24 Misc. Rep. 368, 53 N. Y. Supp. 679. But the settlement in dispute had the formal and official sanction, not only of the law department of the city, but of the mayor, the comptroller, the aqueduct commissioners, and the eminent counsel engaged specially to contest the plaintiffs' claims. Nor was the compromise without adequate consideration in law. The equity of the claims was so manifest and imperative as to compel recognition from judges of the court of appeals and the appellate division in the First department, and the peril of their ultimate enforcement so probable as to impress upon the municipal authorities the expediency of a settlement out of court. The compromise, then, was made not merely to buy peace, but, in the judgment of responsible officials, to discharge a moral obligation of the municipality and to avert an apprehended recovery in a far greater amount. But much less suffices to support a compromise. The claim of which a partial satisfaction is secured by the settlement may be altogether without legal validity and incapable of enforcement; it is enough if the parties in good faith advance opposing pretensions. Dovale v. Ackerman, 11 Misc. Rep. 245, 247, 248, 33 N. Y. Supp. 13, affirmed 2 App. Div. 404, 37 N. Y. Supp. 959; Cox v. Stokes, 156 N. Y. 491, 505, 51 N. E. 316. The settlement, therefore, being valid and obligatory upon the parties, is beyond the jurisdiction of the court to disturb. Hennessy v. Bacon, 137 U. S. 78, 85, 11 Sup. Ct. 17; Steele v. White, 2 Paige, 478; Barnes v. Ryan, 66 Hun, 170, 21 N. Y. Supp. 127; Wahl v. Barnum, 116 N. Y. 87, 22 N. E. 280; People v. Stephens, 71 N. Y. 527; People v. Ballard, 134 N. Y. 269, 293, 32 N. E. 54. It results that the merits of the compromise are not for my consideration, and that I have no alternative but to deny the motion.

Motion denied.