BOWERS HYDRAULIC DREDGING COMPANY, PLAINTIFF, AND DEFENDANT IN ERROR, v. JOHN B. HESS ET AL., DEFENDANTS, AND PLAINTIFFS IN ERROR.

Argued June 27, 1904—Decided March 6, 1905.

1. An order of the Supreme Court, or a justice thereof, giving leave to the party against whom an order striking out a demurrer or plea has been made to enter the same on the record, that error may be assigned thereon as provided by section 110 of the Practice act, will be of no effect for that purpose, unless the rule be in fact spread upon the record.

2. An agreement to settle, without litigation, a disputed claim of infringement made in good faith, furnishes a good consideration to support a contract, even though it should appear that such claim was in fact wholly unfounded. The court will not inquire into the adequacy or inadequacy of the consideration of a compromise fairly and deliberately made.

On error to the Supreme Court.

For the plaintiffs in error, *Godfrey & Godfrey* and *John J. Crandall.*

For the defendant in error, *Thomas E. French.*

The opinion of the court was delivered by

FORT, J. The judgment in this case was entered upon the finding of a justice of the Supreme Court in a trial had before him without a jury. The suit was upon contract.

The defendant entered into a contract with the plaintiff, by the terms of which the defendant was to pay the plaintiff certain stipulated sums for the past use of, and for the future right to use, certain appliances of the defendant, which it was claimed were an infringement of certain letters-patent of the United States, of which the plaintiff was exclusive licensee. The contract was in writing and in no way ambiguous in its terms.

Several assignments of error are found in the record.

The first five are grounded upon the alleged erroneous action of the court in striking out the demurrer and the second, fifth, sixth and seventh pleas. Error can only be assigned upon an order of the court striking out a demurrer or a plea, when the order is entered upon the record by the requirement of the party against whom the same is made. *Practice act, Pamph. L.* 1903, *p.* 569, § 110.

Nothing appears upon the record to show that the defendant in this case required that the order should be so entered. It is true that there is in the printed book what purports to be a rule, made by the justice making the order to strike

out, by which it is ordered that the order striking out the demurrer and pleas "be spread upon the record, that error may be assigned thereon," but it is equally true that the record does not show any such order. The entry of a rule in the minutes of the court is not an entry of the order upon the record as required by the statute. To entitle a party to assign error upon an order striking out a pleading, the order striking out must be found in and form a part of the record in the cause, otherwise no error can be assigned upon the order striking out.

The admission of the contract relied upon in evidence is the sixth ground assigned for error. It was in writing and signed by the parties, and was made a part of the plaintiff's declaration. Its execution was admitted. It was clearly admissible in evidence. The reasons urged against its admission might be forceful upon the question of its legal effect, but are groundless on the question of its admissibility in evidence.

The only remaining assignment which need be considered is that founded upon the refusal of the court to nonsuit. The basis of this contention is that no consideration was shown for the contract. This contention is also without force.

The recitals introductory to the conditions of the contract are:

"WHEREAS, The said party of the first part is the exclusive licensee under certain letters-patent of the United States for an improved system of dredging and for hydraulic dredging machines, and other apparatus and appliances to be used therewith, particularly enumerated in a certain agreement and license recorded in the United States patent office, at Washington, D. C., in Liber C 52, page 740, of Transfers of Patents, for the territory including the State of New Jersey; and

"WHEREAS, The said parties of the second part are at present actively engaged in dredging operations at Atlantic City, State of New Jersey, and particularly under contract

with the Chelsea Investment and Development Company for the performance of a large amount of dredging work, hereinafter more particularly referred to, and part of which has already been done; and

"WHEREAS, The party of the first part claims that the system of dredging and the dredging machinery employed by the party of the second part is an infringement of its rights as licensee aforesaid;

"Now, therefore, the parties have agreed," &c.

Following these recitals it is provided that in consideration of certain stipulated payments "the said party of the first part hereby licenses the said parties of the second part to use the dredging machinery at present employed by them, or any duplicate or modification thereof, if more of such dredging machines should be required, or if the present machinery should be destroyed by fire or otherwise before the completion of the contract with the said Chelsea Investment and Development Company above referred to, to be used in performance of said contract, or any other contracts now in force at said Atlantic City, New Jersey, but not elsewhere. All new contracts entered into for dredging work at Atlantic City or vicinity by said parties of the second part shall be subject to further agreement between the parties hereto."

The contract required the defendant to pay the stipulated sums mentioned in it for the use of the dredging machinery in use by the defendants at the time the contract was made, or any additional machines of like character required for this work. The payments were agreed to be made to settle a claim of an alleged infringement by the defendants of certain letters-patent of the United States, of which the plaintiff was by the writing recited to be the exclusive licensee for the State of New Jersey.

An agreement to so settle without litigation a disputed claim of infringement made in good faith furnishes a good consideration to support a contract even though it should appear that such claim was in fact wholly unfounded. The

court will not inquire into the adequacy or inadequacy of the consideration of a compromise fairly and deliberately made. *Grandin* v. *Grandin,* 20 *Vroom* 508; *Edwards* v. *Baugh,* 11 *Mees. & W.* 641; *Conover* v. *Stillwell,* 5 *Vroom* 54 (at *p.* 59); 8 *Am. & Eng. Encycl. L.,* tit. *"Compromise and Settlement,"* 505, 506.

Even in equity there would be no relief against the obligations of this contract on the ground of want of consideration. *Hennessy* v. *Bacon,* 137 *U. S.* 78.

There being no error, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, FORT, PITNEY, BOGERT, VREDENBURGH, VROOM, GREEN. 9.

*For reversal*—None.