WORCESTER LOOM COMPANY, PLAINTIFF IN ERROR, v.
ALFRED HEALD ET AL., DEFENDANTS IN ERROR.

Submitted December 5, 1908—Decided February 23, 1909.

1. A compromise of a disputed claim made in good faith furnishes
   a good consideration to support a contract, even though it should
   appear that such claim was in fact wholly unfounded.
2. The court will not inquire into the adequacy or inadequacy of
   the consideration of a compromise fairly and deliberately made.
3. The admission of evidence which bears remotely on the issue
   involved in a cause is within the discretion of the trial judge, and
   its admission is no ground for reversal on error.

On error to Camden Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the plaintiff in error, *Wilson, Carr & Stackhouse.*

For the defendants in error, *William Harris* and *Frederick
A. Rex.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings under review a
judgment of the Camden Circuit Court in favor of the de-
fendants below in an action brought to recover the balance
alleged to be due for work done and for material furnished to
the defendants by the plaintiff in pursuance of a written con-
tract.

Upon the trial it appeared that the defendants were in-
terested in perfecting and making commercially available a
certain carpet loom, which was covered by letters patent of
the United States. The plaintiff company was engaged in the
business of manufacturing carpet looms. The defendants'
loom, while in an experimental stage, was delivered to the
plaintiff for the purpose of perfecting it, and, if possible,
putting it in good working order.

The engagement of the plaintiff company was, "to use its best endeavors to design, construct or reconstruct and perfect a loom embodying the inventions contained in said letters patent and improvements set forth by the party of the first part (the defendants), and to keep said party of the first part fully informed with regard to said designing and construction, and to furnish said party of the first part copies of all drawings, descriptions of all mechanisms and improvements upon said loom which may arise in the course of construction."

The defendants agreed to pay the plaintiff "the sum of eighty-five cents per hour for all time expended in such designing, and the sum of sixty cents per hour for all patterns and machine work performed in the course of construction and perfection of said loom."

After the plaintiff, under the contract, had put upon the machine labor and material amounting to over $3,200, for which it had been paid by defendants, it rendered defendants another bill amounting to $791.96. This bill was objected to by the defendants. The defendants claim that thereupon the plaintiff made a new parole contract with them to the effect that if the defendants would pay at once, without further trouble, the bill of $791.96, the plaintiff would, at its own expense, perfect the loom and make it work.

It was undisputed that the defendants paid the bill of $791.96, and that thereafter the plaintiff continued work upon the loom.

Afterwards the plaintiff presented a bill for $558.99 for labor and material, which the defendants refused to pay and this suit was brought to recover the amount thereof.

At the conclusion of the testimony the plaintiff moved for a direction of a verdict in its favor on the ground that there was no consideration for the alleged parole contract. This motion was refused and the question submitted to the jury to determine whether the plaintiff "at or before the time of the payment of the item of $791.96 and in consideration of the payment thereof agreed with the defendants to do the work necessary to complete the loom without further charge."

The jury found that the plaintiff had made such agreement and thereupon the judgment was entered for defendants, which is here for review.

The first assignment of error is based upon an exception to the refusal of the trial judge to direct a verdict for the plaintiff on the ground that the new contract was without consideration to support it.

We think this question was properly submitted to the jury.

Mr. Thompson, one of the defendants, testified as follows:

"Q. For what purpose was the sum of $791.96 paid?

"A. The whole sum of $4,021.22 was paid. The $791.96 we objected to paying, and told him we would not pay, and he agreed then to perfect the loom and make it work, and on that ground we gave him the $791.96."

Mr. Harley, another one of the defendants, testified as follows:

"Q. At the time of the payment of this money, was any thing said as to a new contract?

"A. Yes.

"Q. What was it?

"A. Why, when we paid that seven hundred and some dollars we found fault with that; the work was not progressing as it ought to have done, and a whole lot of the work was not right, some of the bills that came in, I had him to change them, the amounts were too great. For instance, I took the question of the weights of the metal and I drew his attention to it by letter, I don't know what date, and he corrected the bills and said that that was an error. And then we took up this question, and went into a new arrangement and he agreed to perfect the loom. * * * He said that upon that payment he would finish the loom and make it perfect.

"Q. And at his own expense or your expense?

"A. At his."

By the original contract, as we have seen, the undertaking of the plaintiff company was "to use its best endeavors to design, construct or reconstruct and perfect" the loom, to keep the defendants fully informed in regard to the progress of the work and furnish them with drawings. For the perform-

ance of that service it was to be paid at rates fixed by the written contract.

Now, it is observed that according to the testimony of defendants' witnesses above recited, it appeared that "the work was not progressing as it ought to have done;" that "a whole lot of the work was not right;" that with respect to some charges "the amounts were too great," and that because of these matters the bill was disputed and payment refused.

We think, therefore, that there was evidence from which the jury might legitimately find a consideration to support the new contract.

We are not now concerned with the question whether or not the objections of the defendants to the plaintiff's claim were unfounded. The rule is that a compromise of a disputed claim made in good faith furnishes a good consideration to support a contract, even though it should appear that such claim was in fact wholly unfounded. The court will not inquire into the adequacy or inadequacy of the consideration of a compromise fairly and deliberately made. *Trenton Street Railway Co. v. Lawlor,* 71 *Atl. Rep.* 234; *Bower's Dredging Co. v. Hess,* 42 *Vroom* 327; *Grandin v. Grandin,* 20 *Id.* 508; *Clark v. Turnbull,* 18 *Id.* 265; *Conover v. Stillwell,* 5 *Id.* 54.

Whether the claim was disputed in good faith, and whether the compromise was fairly and deliberately made, were, under the testimony, essentially jury questions. 8 *Cyc.* 541.

We conclude, therefore, that the motion for a direction of a verdict was properly refused.

The only other assignment of error requiring consideration is that based upon an exception to the admission of evidence that the loom in question did not work properly.

With respect to this it is sufficient to say that the evidence certainly bore upon the issue involved in the cause, even though its bearing was remote, and its admission was, therefore, within the discretion of the trial judge and his action with respect thereto is no ground for reversal on error. *Schenck v. Griffin,* 9 *Vroom* 462.

The judgment of the court below is affirmed.