[No. 3448.   Sept. 6, 1930.]

McKEE v. WOODS.

[291 Pac. 292.]

J. E. Pardue, of Ft. Sumner, and W. T. Brothers, of Amarillo, Tex., for appellant.

H. R. Parsons, of Ft. Sumner, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

Plaintiff (appellee) sued to foreclose a mechanics lien for wages. The defendant, Woods (appellant), answered claiming a lesser amount of wages earned by plaintiff and interposed a counterclaim on account of claims existing at the time of the execution of the writings set forth in the judgment. The case was tried before the court. The judgment recites:

"2nd: That the Defendant M. F. Woods, by virtue of admitted execution of the following agreement, to-wit:

" 'Exhibit A.

" 'Contract Agreement.

" 'This is to certify, that I, M. F. Woods, of Amarillo, Texas, do hereby agree to see that W. H. McKee, of Fort Sumner, N. M., shall be paid in full for all wages due him, from the 13th. day of June, 1926, to the 6th. day of March, 1927 for labor upon a well drilled upon the Salada Creek Oil Lease No._____. It is also agreed and understood that I, M. F. Woods, will see that all of the above salary is paid in full for his part as well as his partners, H. C. Barber's part of said wages.

"(Signed) M. F. WOODS.

" 'Witness Blanche S. Trigg.

" 'Ft. Sumner. June 9th, 1927.
" 'To whom it may concern this is to certify that I, William Mc-Kee who on April 11th, 1927 placed a Mechanics Lien Claim on certain acreage Do hereby release the following mentioned articles to M. F. Woods: One boiler, one engine, two drilling stems, two drill bits, one water tank 250 bbl. all steam fittings and pipe

to connect up boiler and engine one set jars, one baler, 10 in. one engine block, all of which are now located on the lease in De Baca County.

"(Signed)   W. C. McKEE.'

"Should be estopped to assert any defense of off-set and counterclaim to the plaintiff's claim for wages on an oil well as set out in his said complaint.

"3rd.   That there is due and owing from the defendant, M. J. Woods, to the plaintiff, William H. McKee, the sum of six hundred three dollars and three cents, ($603.03).

"4th.   That the labor of plaintiff was in part lienable and part non-lienable, and the lienable and non-lienable labor is so combined and whole summed up in one item so that it is impossible to determine from the evidence how much of the gross charge is a lien, and as a consequence the Claim of Lien is void in toto.

"It is therefore considered, ordered, adjudged and decreed that the plaintiff have judgment against the defendant M. F. Woods, for the sum of Six Hundred Three Dollars and Three Cents. ($603.03)."

Both plaintiff and defendant have appealed, the latter giving a supersedeas bond.

There were no specific findings of fact requested by either of the parties and none which are material given by the court except as heretofore quoted.

The only defense to the account of the plaintiff for wages being the counterclaim, we find no error in the judgment in plaintiff's favor.

The answer of Woods denies that plaintiff was entitled to the wages he claimed by about $250 independent of the counterclaim.   He sought also to set off a claim of damages in the amount of $130.25 for and on account of loss suffered by him on account of plaintiff's alleged misconduct and neglect in managing and caring for property of defendant under the control of plaintiff.

Therefore, when the writing recited in the judgment was given, the presumption is that there was a compromise and settlement of existing claims between the parties, and that this portion of the counterclaim was waived. The principle governing is thus stated in 8 Cyc. Article on Compromise and Settlement, page 517:

"A party to a compromise is estopped from afterward urging matter constituting a set-off or counterclaim existing at the time of making the compromise."

As to the balance of the counterclaim, we think the presumption of waiver also obtains. In 34 Cyc. on Recoupment, Set-off, and Counterclaims, at page 650, it is said:

"A defendant may, on valuable consideration, waive the right to use a set-off which would otherwise be available."

See, also, Lutz v. Williams, 79 W. Va. 609, 91 S. E. 460, L. R. A. 1918A, 76, where it was decided:

"The statutory right of set-off may be waived or relinquished by an agreement founded upon a valuable consideration, and such an agreement may be implied as well as expressed."

See also Standard Encyc. of Procedure, vol. 23, p. 624.

We do not doubt that the relinquishment by the plaintiff of a portion of the property upon which he claimed a lien afforded a sufficient consideration.

This writing is prima facie evidence of the settlement of accounts between plaintiff and defendant. If there exists evidence of facts which destroy the prima facie showing on behalf of plaintiff, it was the duty of defendant to have such facts found by the court. Appellant contends that, in order to constitute estoppel, there must be proof of the elements of estoppel besides waiver, and silence on the part of one alleged to be estopped. If so, the trial court should have been requested to find the facts with reference to the existence of those elements. No request was made for any such findings, and, under uniform holdings, we decline to review the evidence in search of such facts.

As to the judgment discharging the mechanic's lien, the same situation exists. The court found as heretofore quoted, that "the labor of plaintiff was in part lienable and in part non-lienable, and the lienable and non-lienable labor is so combined and the whole summed up in one item so that it is impossible to determine from the evidence how much of the gross charge is a lien."

No findings of fact or conclusions of law were requested by plaintiff (cross-appellant) as to what portion of the labor of plaintiff the court deemed lienable or what portion

thereof the court considered as nonlienable. On this state of the record it is impracticable to analyze the processes by which the court reached his general conclusion.

Finding no error in the record, the judgment is affirmed, and the cause remanded, with directions to enter judgment against the sureties on the supersedeas bond, and it is so ordered.

PARKER and CATRON, JJ., concur.

WATSON and SIMMS, JJ., did not participate.