166 So. 685

## GOTTLIEB v. CHARLES SCRIBNER'S SONS.

### 6 Div. 909.

Supreme Court of Alabama.

March 19, 1936.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Monette & Taylor, of Birmingham, for appellee.

KNIGHT, Justice.

Suit by plaintiff, Charles Scribner's Sons, corporation, against ·the defendant, trading and doing business under the name and style of Studio Book Shop.

The plaintiff stated his case in three counts: Account; account stated; and for merchandise, goods, and chattels sold by plaintiff to defendant.

The case was tried by the court without a jury, resulting in judgment for plaintiff for the sum of $169.50. From this judgment the present appeal is prosecuted by the defendant.

The pleadings on the part of the defendant were, in short, by consent. The principal defenses insisted upon by the defendant were accord and satisfaction, and payment.

There was no contention on the trial as to the amount of defendant's indebtedness to the plaintiff; the amount of the indebtedness at the time he received the hereinafter-mentioned check from defendant was $265.29.

It appears from the bill of exceptions that on July 3, 1933, the defendant, exasperated at the number and frequency of plaintiff's written demands on him for settlement of the account, shipped back to the plaintiff a large number of books purchased by him of plaintiff of the value of $231.47, and also forwarded to plaintiff a check for $33.82. The value of the books, as invoiced to defendant, and the amount of the check exactly equaled the amount of the account due by the defendant to the plaintiff. There was no question on this point.

In his letter to the plaintiff, the defendant stated that he was returning the books, listing them, and also the above-mentioned check, stating that this paid the account in full. Upon the check was written the following words: "Account in full to date."

The evidence shows that the letter, books, and the check reached the plaintiff in due season. The plaintiff cashed and appropriated the check, but declined to accept the books, writing the defendant to that effect on July 7, 1933. In its said letter the plaintiff wrote: "We are not crediting your account with these books, but are holding them subject to your disposal."

To plaintiff's said letter, the defendant, under date of July 22d, replied, reaffirming its position as indicated in his letter of July 3, 1933.

On the trial of the cause, the defendant testified: "There was a general custom throughout the United States among such book publishers as the plaintiff was, that the books purchased from such publisher could be returned by the retail dealer, such as defendant was, at any time in liquidation of accounts between the dealer and the publisher; that upon the return of such books said general custom was that the publisher would credit on the account the price of such books originally charged the purchaser and retail dealer by the publisher; that such general custom existed at the time of the purchase of all the books shown by the account, and during all the time plaintiff and defendant had done business together."

To quote from the bill of exceptions: "There was evidence for the plaintiff on the trial showing there was no such gen-

eral custom; that the books could be returned for credit only after permission from the publisher, the return of books for credit being a matter subject to mutual adjustment and mutual agreement between the publisher and the dealer. No point is raised as to the weight of the evidence pro and con as to that feature of the case." ·

Although there was no dispute as to the amount of the indebtedness of defendant to plaintiff, there was a dispute as to the right of the defendant to return books in settlement of the account, in whole or in part. The defendant's contention was that he could return the books to the plaintiff, publisher, at any time in liquidation of accounts between himself and the publisher.

· The contention of the ·plaintiff was and is that the books could be returned for credit only after permission of the publisher. That then such return for credit was a matter for mutual adjustment and mutual agreement between the retail dealer and publisher.

Thus it appears that there was a dispute between the parties, to be true, not as to the amount of the indebtedness, but how, and in what way, it could be paid. That the plaintiff may be right in its contention as to how the debt could be liquidated is not controlling, but rather it is, Was ·there a bona fide contention that the debt might be liquidated by the return of the books? And again, could the plaintiff hold to, and appropriate the check, and at the same time refuse to accept the books, both of which were included in a single tender? In other words, could the tender and condition be dissevered? Could the one be taken and the other rejected?

■ The rule obtains here, as well as elsewhere, that the payment of a less sum than the real debt will be no satisfaction of a larger sum, applies only to conceded or undisputed demands. Where the claims are in dispute the compromise and part payment thereof are sufficient consideration to support the discharge. Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78; Barron v. Vandvert, 13 Ala. 232; Pearson v. Thomason, 15 Ala. 700, 50 Am.Dec. 159; Hodges v. Tennessee Implement Co., 123 Ala. 572, 573, 26 So. 490. ·

This court, in the case of Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662, 664,. quoted with approval the following pronouncement of the Court of Appeals of New York: "If a debt or claim be disputed * * * at the time of payment, the payment, when accepted, of a part of the whole debt is a good satisfaction and it matters not that there was no solid foundation for the dispute. The test in such cases is: Was the dispute honest or fraudulent? If honest, it affords a basis for an accord between the parties, which the law favors, and the execution of which is the satisfaction." Simons v. Supreme Council, American Legion of Honor, 178 N.Y. 263, 70 N.E. 776; Fuller v. Kemp, 138 N.Y. 231, 33 N.E. 1034, 20 L.R.A. 785; Ness v. Minnesota, etc., Co., 87 Minn. 413, 92 N.W. 333.

■ A dispute as to how and in what way a debt may be discharged, whether in money or in property, affords a basis for an accord between the parties, and just as much so as a dispute as to the actual amount due. After all, it is an honest dispute between the parties, either as to the amount of the debt, or as to how it may be liquidated, that affords the basis for an accord. Whatever may be the ground of the dispute, the fact would remain there was a dispute, and this would furnish basis for accord and satisfaction. 1 Corpus Juris § 78, p. 556; Hull v. Johnson, 22 ·R.I. 66,·46 A. 182.

The uncontradicted evidence shows that there was an honest dispute between the parties, not as to the amount of the indebtedness, it is true, but as to how it might be liquidated.

■ Under these circumstances, when the defendant tendered the plaintiff.the check and the goods, in full settlement of the demand, but a single alternative was presented for its action, the prompt return of the check and a refusal to accept the goods, or the complete extinguishment of the debt by the retention of the check offered in ·connection with the return of the books. The offer of the check and the return·of the goods constituted an indivisible tender. The tender and condition could not be dissevered. The one could not be taken and the other rejected. The acceptance of the check necessarily involved the acceptance of the books. Having accepted the check, the law required the acceptance of the books, resulting in an absolute extinguishment of the demand. The protest made thereafter in its letter to the debtor could not affect the irrevocable act of the plaintiff. Fuller v. Kemp, supra; Canton Union Coal Co. v. Parlin, etc., Co., 215 Ill. 244, 74 N.E. 143, 106 Am.St.Rep. 162; Lapp v. Smith, 183 Ill. 179, 55 N.E. 717; Ex parte

**36**

Southern Cotton Oil Co., supra; Brassell v. Williams, 51 Ala. 349.

The appellee relies upon the case of Roach v. Warren-Neeley & Co., 151 Ala. 302, 44 So. 103, to sustain the correctness of the judgment in its favor. The question presented in the instant case was not considered in the Roach Case, supra, and, besides, the facts in the case now before us differentiate it from the Roach Case, supra.

It follows that we are of the opinion that the court below erred in rendering judgment for plaintiff. Judgment should have been rendered for defendant. The judgment of the court below will be reversed, and one rendered here for defendant.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.