### CHUBB *vs.* PECKHAM and others.

Courts of equity may, in the exercise of a sound discretion, refuse to decree the specific performance of a hard bargain.

A father, having conveyed his entire estate to his children, upon their stipulating to provide for their parents a comfortable support and maintenance suitable to their condition, wherever they or either of them might choose to reside, a specific performance of the contract was decreed in his favor.

Chubb *v.* Peckham.

It is no defence to such suit that the property conveyed was totally inadequate to the support of the parents.

Evidence of a cotemporaneous parol agreement is inadmissible to alter the terms of a written contract.

*Ransom,* for complainant.

THE CHANCELLOR. On the 7th of April, 1855, William Chubb and Lydia his wife, by deed of that date, conveyed to their two children, William F. Chubb and Emma Peckham, a small farm, in the county of Somerset, containing about 46 acres of land.

By an agreement, of even date with the deed, under the hands and seals of their children, made between the children of the one part, and their parents of the other, the children agreed, in consideration of the conveyance, to provide for the support and maintenance of their parents, and each of them, in a comfortable manner, to provide and furnish each of them with proper and suitable clothing, food, medicine, and medical attendance, when sick, and to find a comfortable place to live in—all to be according to their age and situation in life, for and during their natural lives and the life of the survivor of them. The children further agreed to accept the title which the father had in the premises; and in case of any adverse claim of title, to be at the expense of defending the title which they thus acquired.

This bill is filed by the father against the children, and charges a failure upon their part to perform the contract, and asks either that the contract be rescinded, and the lands reconveyed to the complainant, or that a specific performance be decreed.

A decree *pro confesso* is taken against the son. The daughter alone answers. She admits the contract, alleges that they took the title at her father's request, and solely for the purpose of aiding her aged parents; that she has received nothing whatever from the farm; that its entire proceeds, together with considerable sums advanced by

herself, have been appropriated to the support of her parents; that at the time of the contract it was understood and agreed that the father should remain upon the farm, and assist in its cultivation, until a sale could be effected; that the proceeds of the farm and the limited means of the defendant are utterly inadequate to support her parents elsewhere than on the farm and with their assistance. She proffers herself ready and willing to reconvey the land, if the sums she has advanced under the contract are repaid to her.

The evidence in the cause shows that the farm was conveyed to the defendants not at their request, but at the solicitation of the complainant, and that the title was reluctantly accepted by Mrs. Peckham, the daughter; that she has derived no benefit from it, but that the contract into which she entered upon taking the title has involved her in serious trouble and pecuniary loss. The evidence, moreover, tends to confirm the allegation of the answer, that she accepted the title, and entered into the contract for her parents' support upon the faith of a parol agreement, cotemporaneous with the written contract, that her father would remain upon the farm, and assist in its cultivation until it could be advantageously sold, and the proceeds applied to his support and the support of his wife at such place as they might choose to reside. This evidence, however, is inadmissible to relieve her from the obligation of the written contract. It is in direct conflict with the express terms of her written engagement, by which it is stipulated that the parents, or either of them, should be at liberty to reside in the city of New York or elsewhere. Evidence of a cotemporaneous parol agreement is inadmissible to alter the terms of the written contract.

However unfortunate or oppressive may be its terms, the parties must abide by their engagement as it is written.

The contract cannot be rescinded or a reconveyance directed, even by the consent of the defendants. The

s*

wife of the complainant joined in the conveyance, and the contract of the grantees is for her maintenance as well as that of her husband. Her rights are to be protected. She is not a party to the suit. She does not ask, and the evidence warrants the belief that she does not desire a dissolution of the contract. She resides upon the farm with her son, and is supported by her own labor and the assistance of her children. The husband and wife do not live together. The complainant contributes nothing to her support. His interest in the land has been sold, and to order a reconveyance might strip both parties of their means of support, and must of necessity be prejudicial to the rights and interest of the wife. This consideration is decisive against rescinding the contract for her support and ordering a reconveyance of the land.

There must be a decree for a specific performance. Courts of equity may, in the exercise of a sound discretion, refuse to decree the specific performance of a hard bargain.

But this is not a case for the application of the doctrine nor for the exercise of such discretion. The father conveyed his entire estate to his children, upon their stipulating to provide for their parents a comfortable support and maintenance suited to their condition, wherever they or either of them might choose to reside. It is no answer to a prayer for specific performance that the property conveyed is of little value and totally inadequate to the support of the parents in the city of New York or elsewhere than in the country. That was a proper subject for consideration by the parties when the contract was entered into. But having been made voluntarily and in good faith, the parents are entitled to their support at the hands of the grantees so long as the avails of the property conveyed or the means of the children will suffice for that purpose.

There must be a decree for a specific performance and a reference to a master to ascertain and report what would

be a suitable provision, weekly or otherwise, for the comfortable support and maintenance of the complainant, and also of his wife, according to the terms and provisions of the contract.