JAMES D. CUBBERLY et al.

*v.*

SAMUEL D. CUBBERLY.

A testatrix, after giving several legacies, gave the residue of her estate to her executor, to be by him distributed to such charitable or religious societies or associations or corporations, or for such other benevolent purposes, as he might see fit. Her next of kin were an uncle D. and two aunts, Mrs. G. and Mrs. R. Another aunt was dead, leaving children—Samuel, Alexander and the complainants—surviving. The probate of the will in New York, where testatrix lived, was opposed by D. and others. Pending the contest, Samuel falsely represented to Mrs. G. and Mrs. R. that D. had abandoned his opposition to the will, and promised that if they would make him their attorney to recover their interests in the estate, and would divide equally with him whatever he should recover for them as next of kin, he would attend to the litigation, pay all the costs and expenses himself, and divide the sum he received from

Cubberly v. Cubberly.

them equally with his brothers and sister, the complainants, who, he stated, were poor and needy. Thereupon Mrs. G. and Mrs. R. gave him a power of attorney to act for them in the premises. D. continued his opposition to the will, and the contest was eventually compromised by admitting the will to probate, but declaring the residuary clause void. Mrs. R. and Mrs. G. gave one-half of what they received, as next of kin, to Samuel, who refused to divide it equally with complainants.—*Held*,

(1) That Samuel's promise to Mrs. R. and Mrs. G. to so divide with complainants was enforceable in equity, and that they were entitled to an account of his expenses about the litigation and to their several shares of the amount received by him under the agreement.

(2) That neither Mrs. R. nor Mrs. G. were necessary defendants or complainants, although they might have been proper complainants.

Bill for relief.   On demurrer to bill.

*Mr. A. Walling, jun.,* for demurrant.

*Mr. E. L. Campbell,* for complainant.

The Chancellor.

According to the bill, Mary B. Danser, of New York, made her will in December, 1876, whereby, after several devises and bequests, among which were legacies to a large number of her relatives, including Mrs. Mary Ann Golder and Mrs. Susan S. Robinson, she gave the residue of her estate to her executor, to be by him distributed to such charitable or religious societies or associations or corporations, or for such other benevolent purposes, as he might see fit. She died in February, 1877, leaving the will unrevoked, and leaving a large estate. She had no lineal descendants, and her next of kin were an uncle, Smith J. Danser, of Ohio, and two aunts, the above-mentioned Mrs. Golder, of New York· city, and Mrs. Robinson, who was of New Bedford, Massachusetts. The next of kin were, at the time of her death, entitled to all that part of her personal estate which was not disposed of by the will. Samuel D. Cubberly, Alexander H. Cubberly and the complainants were the children of the testatrix's deceased aunt, Mrs. Lucy Cubberly, and therefore first cousins of the testatrix. They were the only children

of Mrs. Cubberly who were living.   The will was offered for
probate, in New York, in February, 1877, and Danser and
others opposed its admission to probate.   While the proceedings
were still pending, and in March of that year, the defendant
falsely represented to Mrs. Golder and Mrs. Avery (Mrs. Rob-
inson's daughter, and attorney as to all her interest in the estate),
that Danser had given up all hopes of success in the contest, and
had abandoned it and returned home to Ohio ; and ·he proposed
that they should give him a power of attorney, authorizing him
to take such steps as he might see fit, to recover any ·interest of
theirs in the estate besides what are called in the bill specific ·
legacies, and to do everything necessary and proper to that end,
and that they should give him one-half of the interest that might
be recovered for them, he to pay all fees, costs and expenses of
the measures which he might employ.   They refused to accept
the proposition at that time, and it was subsequently (in April
following) renewed by him to them, on the like representation as
to the design and conduct of Danser.   He, on the latter occa-
sion, represented to Mrs. Golder that his reason for demanding
so large a share as one-half for his services was that his brothers
(except Alexander H. Cubberly, to whom $10,000 were given by
the will) and sister were poor and needy, and his sister had suf-
fered afflictions ; that he did not want the money himself, since
he had $15,000 already, which was for him a competence ; that
he was acting in the interest of his poor brothers and sister, and
that all that remained of any share that might come to him
after payment of fees, costs and expenses, he would divide
equally with them.   That proposition, with those representations
and the accompanying promise, were frequently repeated by him
to Mrs. Golder and Mrs. Robinson (in person) and Mrs. Avery,
up to the 25th of May following ; and on that day he again had
an interview with Mrs Golder and Mrs. Avery, and again re-
peated the misrepresentation before mentioned, that Danser had
abandoned the contest and gone back to Ohio.   They objected to
giving him so much as one-half, and Mrs. Golder suggested
twenty-five per cent. and Mrs. Avery twenty.   The defendant
thereupon spoke of his poor brothers and sister, and his stipula-

tion to divide equally with them any balance of any share which would be coming to him after the payment of fees, costs and expenses; and in consideration of that stipulation, and all the premises, they then acceded to his proposition. Mrs. Avery only agreed to the giving of so large a share as one-half to the defendant, after being specifically urged and requested by Mrs. Golder to do so, in order that the defendant's poor brothers and sister (who were not named in the will) might be benefited thereby. Mrs. Golder and Mrs. Robinson soon afterwards each gave him a letter of attorney, giving him full power, and authorizing him to act for them in recovering their interests other than what are called in the bill "specific legacies;" he to have one-half of what should be recovered, and they to be at no expense. In September, 1877, in pursuance of a compromise of the litigation over the will, a decree was made admitting it to probate, but declaring the residuary clause void. Of the residuum of the estate, Mrs. Golder and Mrs. Robinson recovered each about $76,000, and each thereupon paid over one-half thereof to the defendant, in pursuance of the agreement, so that he received the amount of about $76,000.

This suit is brought by the persons before referred to as the poor brothers and sister of the defendant, for an account of the share received by the defendant and the amount paid out by him, and of the balance thereof, which, as they insist, is divisible under the stipulation, and for the payment of their portions thereof to them. The defendant insists that the suit cannot be maintained, for want of equity; and that if it can be, Mrs. Golder and Mrs. Robinson are necessary parties to it. He urges that the complainants are seeking to obtain the benefit of what they insist was a fraud perpetrated by him on Mrs. Golder and Mrs. Robinson. But this objection is not valid. The bill is not filed to set aside the agreement. None of the parties to the agreement complain of it. The fraud alleged to have been practiced in obtaining the agreement is manifestly stated merely to show that the defendant's conduct in the whole matter—in obtaining the agreement as well as in refusing to pay the complainants—was insincere and fraudulent. The agreement, in

itself, was a lawful one—one which could have been enforced at law as well as in equity. *Schomp* v. *Schenck, 11 Vr. 195; Dickey's Appeal, 73 Pa. St. 218.* The claim to relief depends on the simple question whether the stipulation that the defendant would divide equally with the complainants constituted part of the consideration of the agreement. If it did, then this suit can be maintained upon the stipulation. Besides, it is a fraud on his part, in such case, to refuse to pay the complainants. According to the bill, the agreement to give him so large a sum would not have been made but for the stipulation. Therefore, as to so much of the money as is the equal share of the complainants, he received it in consideration of the stipulation, and he is trustee thereof for them.

Nor are Mrs. Golder and Mrs. Robinson necessary parties to this suit. They have no interest in it adverse to the complainants. There could be no decree against them. They might have joined the complainants in the effort to enforce the trust they had created, but there was no necessity for their doing so. If one person make a promise to another, on lawful consideration, for the benefit of a third person, such third person may maintain an action, even at law, upon it. *Joslin* v. *Car Co., 7 Vr. 141.* And if suit is brought in equity, the promisee is not a necessary party to it. *Pruden* v. *Williams, 11 C. E. Gr. 210*

The demurrer will be overruled, with costs.