MARGARET E. SELOVER, complainant and appellant,

v.

FRANCIS S. SELOVER, defendant and respondent.

[Filed March 8th, 1901.]

The expenditure by a husband of his own moneys in the improvement of the property of his wife is presumed to be a gift to her, in the absence of proof of a contrary intent.

On appeal from a decree advised by Vice-Chancellor Emery.

*Messrs. Hawkins & Durand,* for the complainant and appellant.

*Mr. David Harvey, Jr.,* for the defendant and respondent.

The opinion of the court was delivered by

GUMMERE, J.

This is a bill filed by a wife against her husband to recover the possession of premises at Ocean Grove, which had been conveyed to her by her husband, through a third party, and for an accounting for the use of the same; and is, in its nature, an action of ejectment and for mesne profits, brought in the court of chancery because of the disability of the complainant to maintain an action at law against the defendant, because of their marital relationship. The defendant answered and also filed a cross-bill, alleging that, at the time of the transfer of the said premises by him to his wife, he was about to embark in a business venture, and it was decided between them that the title should be held by the complainant, and that, at her request, and in consideration that she would continue to live with him, and the marital relations then existing between them should continue, he conveyed

said premises to her; and that it was understood and agreed, at the time of said conveyance, that said property should be held by her for him, and should continue to be and remain his property.

The complainant, by her answer to the defendant's cross-bill, denies that there was any agreement that the premises were to continue the property of the defendant, and, on the contrary, avers that said property was conveyed to her as a gift, to be her sole and separate property, and that, by said conveyance, she became the absolute owner thereof.

The vice-chancellor, after hearing the proofs, reached the conclusion that the defendant had failed to establish the existence of a resulting trust, or an equitable title, in his favor; that the conveyance to the wife must be considered as a gift to, or a settlement upon, her; and that she was entitled to an accounting from her husband for the rents of the property from the time of her making demand upon him for them. He further considered that the defendant was entitled to an equitable lien upon the premises for certain moneys which, the proofs showed, he had expended in making improvements thereon, after the conveyance to the complainant, and while the parties were occupying them as husband and wife.

A decree was made upon these lines, and both parties have appealed therefrom; the defendant from the whole decree, and the complainant from that portion thereof which establishes a lien upon the premises in favor of the defendant for the moneys expended by him in improvements.

We concur in the conclusion reached by the vice-chancellor that the defendant has failed to establish a resulting trust, or an equitable title, in his favor in the premises; and that he should account to the complainant for all rents received by him after demand made upon him by her for them. The conveyance to her does not express any trust, and the legal presumption arising from a transaction of this kind, in the absence of proof to the contrary, is that a settlement upon the wife was intended. The proofs in the case confirm rather than overcome the presumption of a settlement. To this extent the decree should be affirmed.

Selover v. Selover.

The portion of the decree appealed from by the complainant, however, does not seem to be justified by the facts in the case. The same reasons which support the presumption that, by purchasing property and taking title thereto in the name of his wife, a husband intends to make a settlement, apply with equal force to expenditures made by him in the improvement of her separate estate (*Black* v. *Black, 3 Stew. Eq. 215; Lister* v. *Lister, 8 Stew. Eq. 49; S. C. on appeal, 10 Stew. Eq. 331*) ; and particularly is this so when the property upon which the expenditures are made has previously been conveyed by the husband to the wife by way of a settlement upon her.

It is true that the presumption that such expenditures are made by way of a gift to the wife may be rebutted by proof that such was not the intention with which they were made, but we find no such proof in the case before us. The improvements were made by the husband, not at the request of the wife, but of his own volition; and, although frequent conversations took place between them, regarding their character and cost, nothing was said at any time by him which suggested the idea that he expected to be reimbursed by the complainant for his outlay; nor was anything said by her to induce such a belief on his part.

The portion of the decree appealed from by the complainant should be reversed.

*For reversal*—The Chief-Justice, Van Syckel, Dixon, Garrison, Gummere, Collins, Fort, Garretson, Hendrickson, Bogert, Krueger, Adams, Vredenburgh, Voorhees—14.

*For affirmance*—None.