# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

### ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

NOVEMBER TERM, 1904.

---

CHARLES M. HEADLEY, appellant,

*v.*

MARTHA B. LEAVITT, respondent.

[Argued November 22d, 1904.   Decided March 23d, 1905.]

On failure of a business in which complainant and defendant's son were engaged, defendant agreed to pay certain outstanding notes of the concern if complainant would pay the others.   Defendant paid the notes, as agreed, and afterwards sued complainant as endorser, and obtained a judgment, because complainant had not paid, but merely secured, the notes which he was to pay.   Complainant afterward paid the secured notes.—*Held*, that complainant was not entitled to perpetually enjoin defendant from enforcing the judgment, but was entitled to restrain enforcement until defendant consented to a retrial of the action at law on the notes, and further consented that appellant might set up the alleged contract as a defence.

591

On appeal from a final decree advised by Vice-Chancellor Reed, whose opinion is reported in *66 N. J. Eq. (21 Dick.) 94.*

*Mr. Linton Satterthwait,* for the appellant.

*Mr. John H. Backes,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this cause was filed by Headley, the appellant, to restrain Mrs. Leavitt, the original defendant in the suit, from taking proceedings to enforce a judgment which she had recovered against him in the supreme court of this state. The facts set out in his bill, and upon which the appellant seeks to obtain the relief asked for by him, are fully recited in the opinion of this court, delivered by Justice Hendrickson, on an appeal taken from an order of the court of chancery refusing a preliminary injunction. *Headley* v. *Leavitt, 65 N. J. Eq. (20 Dick.) 748.* A reference to that opinion and a summary of the facts will be sufficient in disposing of the present appeal. Briefly stated, the case made by the bill was this: The appellant and, one William H. Leavitt, a son of Mrs. Martha B. Leavitt, organized a corporation known as the Headley-Leavitt Company. The stock of the concern was entirely held by the appellant, and by Leavitt and his wife. Certain notes of the company were endorsed by Headley, Mrs. Leavitt and others, for the accommodation of the company, and were discounted either by the Trenton Banking Company or the Mechanics National Bank of Trenton. While the notes were still outstanding the company became insolvent and went into the hands of a receiver. The insolvency was caused by the misappropriation of the corporate funds by William H. Leavitt. In this situation of affairs a conference was held between the appellant and Mrs. Leavitt, at which it was agreed between them that Mrs. Leavitt should take up and relieve the appellant from liability upon the notes held by the Mechanics National Bank, and that the appellant should take up and relieve Mrs. Leavitt from liability upon the notes held

by the Trenton Banking Company. Mrs. Leavitt paid off the notes which she had assumed. The appellant arranged with the Trenton Banking Company that it should look to him primarily for payment of the notes held by it, and for the securing of their payment executed a mortgage in its favor upon his real estate. Afterwards Mrs. Leavitt brought an action at law against the appellant upon certain of the notes which she had paid, and upon which the appellant stood as an endorser prior to her. At the trial the appellant set up, by way of accord and satisfaction, the agreement above recited and the acts of the parties under it. It was held that the defence failed because the appellant had not actually paid the notes held by the Trenton Banking Company in accordance with the terms of his contract. Immediately after the trial the appellant completed the performance of his part of the contract by paying off these notes and releasing all the endorsers thereon from liability.

Upon the final hearing of this cause none of the facts set out in the bill of complaint were controverted by the defendant, except the making of the contract between Mrs. Leavitt and the appellant relating to the taking care by them of the outstanding notes of the Headley-Leavitt Company. Mrs. Leavitt died before the hearing, and her executor was substituted as defendant. Her death disqualified the appellant as a witness and he was compelled, therefore, to rely upon the testimony of the receiver of the corporation (in whose presence the agreement was said to have been made), and the subsequent conduct of Mrs. Leavitt and himself, to prove it. The testimony of the receiver is succinctly stated by the vice-chancellor in his opinion, as follows: "Shortly after he was appointed receiver he was sitting in his office at the rear of the store of the insolvent company, when Mrs. Leavitt and Mr. Headley came in. They were engaged in a conversation concerning the affairs of the company, its failure, &c. He says that Mr. Headley asked for the bill book, and then got it himself from the safe; that Mr. Headley placed the book on the top or at the back of a roller desk, and one of the parties stood at the end and the other at the back of the desk; that they went over the notes in the several

banks, Mr. Headley reading them off; that after they had got through the list Mr. Headley got some paper and a list was made up; that they went over the notes, Mr. Headley saying, 'I will take care of these notes,' and Mrs. Leavitt, 'I will take care of these;' that one of them said, 'Now, I will take care of this list if you will take care of the other list, and it will relieve all the parties of any responsibility,' which remark was assented to; that Mrs. Leavitt, after some remarks about the habits of her son, left the office; that after she went out he saw the list which Mr. Headley had retained, and the notes thereon were those in the Trenton Banking Company; he did not see the list which Mrs. Leavitt took away; he only saw the paper." The vice-chancellor concluded that this testimony of the receiver, coupled with the subsequent action of Mrs. Leavitt in taking up the notes which were held by the Mechanics bank, and afterward (as the case shows) presenting a claim to the receiver as the holder thereof, and the conduct of the appellant in securing to the Trenton Banking Company the payment of the notes held by it, and then (as the case shows) presenting to the receiver a claim as their holder, did not justify the conclusion that a contract of the purport and effect set out in the bill of complaint had been entered into by the parties. He therefore advised a decree dismissing the bill.

We are unable to agree with the learned vice-chancellor in this conclusion. The testimony of the receiver makes it clear that an agreement was entered into between Mrs. Leavitt and the appellant at the time spoken of by him, by the terms of which all of the notes of the Headley-Leavitt Company were to be taken care of by one or the other of them; that two separate lists were made out, one containing the notes which Mrs. Leavitt was to take care of and the other the notes which the appellant was to look out for; that each agreed with the other to relieve all other parties of any responsibility upon the notes assumed by them, respectively, and that the appellant retained the list containing the notes held by the Trenton Banking Company and Mrs. Leavitt took away the list containing the other notes. The notes not held by the Trenton Banking Company were held by the Mechanics bank, and the conduct of Mrs. Leavitt in after-

ward going to that bank and paying off the notes held by it justifies the presumption that these were the notes which she agreed to take care of and relieve other parties from liability upon. No evidence on the part of the defendant was offered to overcome this presumption, and the appellant therefore had at least made out a *prima facie* case when the case was submitted for decision. That he was entitled to the relief prayed for in his bill upon proving the facts set out therein, was decided by this court when the case was here on the appeal from the order refusing an injunction. *Headley* v. *Leavitt, supra.* We did not then intimate, however, nor do we now consider that the appellant is entitled to an injunction perpetually restraining the executor of Mrs. Leavitt from enforcing the judgment against him. The prayer of the bill was that

"the said Martha B. Leavitt may be perpetually enjoined from proceeding further upon said action at law and from executing her said judgment against your orator, or from selling or in anywise disposing of any lands or property of your orator, under or by virtue of any execution issued out of the supreme court of New Jersey under said judgment; or, if the court should deem it more consonant with the exigencies of the case, that your orator may have an order or injunction restraining the said Martha B. Leavitt from executing her said judgment, or from selling or disposing of any of your orator's lands or property thereunder as aforesaid, until the said Martha B. Leavitt shall consent to a retrial of the said action in the court of law in such manner that your orator may have a defence to said action upon the merits of the case, on the issue of the making of said contract with the said Martha B. Leavitt and its performance by your orator."

The subject of the litigation which resulted in the judgment was one which was cognizable by a legal, rather than an equitable, tribunal. The contract which the appellant sought to set up as a defence to the action in the supreme court would, if it had been executed by him, have constituted a legal, and not an equitable, defence to that action. Subsequent performance of the contract on his part gives him no right to have the forum of the litigation changed to a court of equity, and to deprive the respondent of the determination of a jury upon the question of the existence or non-existence of such contract. The relief asked for by him in the alternate prayer hereinabove recited is all that should be granted to him.

The decree appealed from should be reversed and a decree entered in the court of chancery restraining the respondent from proceeding to enforce the judgment, unless and until he consents to a retrial of the action in the supreme court, and further consents that the appellant on such retrial may set up the alleged contract as a defence by way of accord and satisfaction.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN —10.