In this case I decided at the hearing that the title to the property in question should be in the wife, but that the matter should be referred to a master to ascertain what the husband had expended on the property.
The testimony is before me, and the question I have now to consider is whether or not the husband is entitled to any reimbursement for expenditures made on property belonging to his wife.
Counsel has called my attention to the case of Silover v.Silover, 62 N.J. Eq. 761, in which Chief-Justice Gummere, *Page 173 
speaking for the court of errors and appeals, says, in effect, that expenditures by a husband of his own moneys for the improvement of the property of his wife are presumed to be a gift to her, unless there is proof of a contrary intent. See, also,Hood v. Hood, 83 N.J. Eq. 695.
In Black v. Black, 30 N.J. Eq. 216, Vice-Chancellor Van Fleet discusses this matter, and says that "money received by a husband from his wife and expended by him, under her direction, on his land, in improving the home of the family, cannot be recovered by the wife."
The only question, therefore, is: As a matter of fact, was it the intention of the wife that her husband should be reimbursed for his outlays on her property?
I cannot find anything in the testimony to justify me in so finding. She consented to the erection of a sun parlor, as she admits, but this was for the benefit of the family, and it is natural that a wife should consent to such a gift from a husband.
Therefore, I shall find that the husband is not entitled to reimbursement for the moneys he has expended upon property that belonged to his wife.
Counsel for the defendant has sought to convince the court that it was the intention of the parties to hold the land in question as tenants by the entirety.
The testimony, in my opinion, does not bear out this contention. The testimony, briefly, indicates that the complainant and the defendant agreed to purchase a certain piece of property; that each was to advance one-half of the purchase price, and the title was to be placed in their joint names. Shortly before the hour fixed for closing the title, defendant said that he had no money to contribute to the transaction, but would pay his share the next day. She therefore insisted upon taking title in her own name. At the time of the closing, however, the title was taken in both names, on his promise that he would give her back half of the purchase price, which he never did.
I will advise a decree according to the views expressed above. *Page 174