SAMUEL B. DOBBS, RESPONDENT, v. NEW AMSTERDAM CASUALTY COMPANY, APPELLANT.

Submitted November 10, 1924—Decided January 19, 1925.

A compromise of a disputed claim under an insurance policy, made after an investigation of the circumstances concerning loss, furnishes a good consideration to support a contract to pay an agreed sum to the insured.

On appeal from the Supreme Court.

For the appellant, *Walter S. Keown.*

For the respondent, *Lewis Starr.*

The opinion of the court was delivered by

CAMPBELL, J.   This cause was tried at Camden County Circuit by the Circuit Court judge, without a jury, upon a stipulation of facts.

On July 20th, 1921, a domestic servant of respondent stole $60 in money and a diamond ring worth $600, said articles being taken out of a handbag hanging in a closet in a living room of respondent's dwelling-house. There was no evidence of felonious entry of the premises by force and violence. Immediately after the theft, respondent notified the police authorities and filed a proof of loss with appellant as required by the terms of a policy of insurance of appellant held by respondent.

After appellant was notified of the theft it investigated the circumstances concerning it and the value of the ring which was stolen, and the agent of appellant then discussed two propositions of settlement with respondent—one that it would pay for amount of cash stolen .$50, and $550 for the ring, or, two, would pay $50 for cash stolen and replace the ring stolen with a similar one.

Respondent notified appellant's agent that he would accept the first offer of $600 cash. Thereupon appellant drew a voucher to the order of respondent for $600, and, in doing so, discovered it had two policies issued to respondent; the first covering loss by burglary, theft and larceny on respondent's Haddonfield home and the second being the one in suit on respondent's Atlantic City home.

Appellant then notified respondent that the loss involved in this suit having taken place in his Atlantic City home was not a burglary loss, and, therefore, not covered by its policy. The proposition to pay $600 in settlement was made by appellant after it had been advised that the theft of the money and ring was from the interior of respondent's dwelling by a domestic servant, who did not make felonious entry into the premises by actual force and violence.

Respondent's complaint consisted of two counts. The first sought recovery upon the policy and the second upon the alleged agreement to compromise and settle.

The court below found in favor of respondent upon the second count.

Such finding we conclude was warranted under the facts stipulated and under *Worcester Loom Co.* v. *Heald,* 78 N. J. L. 172, and cases therein cited.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 15.

*For reversal*—None.