14 N.J. Super. 436 (1951)
82 A.2d 490
GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., PLAINTIFF,
v.
MAE N. BATTERSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided July 3, 1951.
*437 Mr. Charles T. Bunting, attorney for the plaintiff.
Mr. James M. Davis, Jr., attorney for the defendant.
HANEMAN, J.S.C.
Plaintiff herein seeks the recovery of $900 paid to the defendant under an insurance policy, as reimbursement for the loss of a diamond ring. This matter was originally tried before the Burlington County District Court and was there dismissed without prejudice "so that the matter might be brought in the Chancery Division."
The facts in connection herewith are as follows: On March 21, 1947, the plaintiff issued a policy of insurance to the defendant, insuring her against "theft from the premises or a depository" of "jewelry * * *." The premises described in said policy were 137 Cherry Street, Mount Holly, New Jersey. Among other conditions, the following appears:
"1. (b) Theft. The word `theft' includes larceny, burglary and robbery. Mysterious disappearance of any insured property shall be presumed to be due to theft.
2. The company may pay for the loss in money or may repair or replace the property and may settle any claim for loss of property either with the insured or the owner thereof. Any property so paid for or replaced shall become the property of the company. The *438 insured or the company, upon recovery of any such property, shall give notice thereof as soon as practicable to the other and the insured shall be entitled to the property upon reimbursing the company for the amount so paid or the cost of replacement."
On or about December 26, 1947, the defendant reported to the plaintiff the theft of a 90-point blue-white diamond ring from her residence at 137 Cherry Street, Mount Holly, New Jersey. On June 24, 1948, the defendant executed a sworn proof of loss in which she stated that she had placed said diamond ring in a dresser drawer at 137 Cherry Street, Mount Holly, New Jersey, and a few days later, "when she went to look for the ring it could not be found." She reported this disappearance to the police chief of Mount Holly, New Jersey. The plaintiff, through its agent, thereupon investigated the entire matter, and although there was no proof of an actual theft, offered to pay the defendant, because of the mysterious disappearance of said jewelry, the sum of $800 in the event the defendant did not intend to purchase another ring, or the sum of $900 if she did intend to purchase another ring. The defendant thereupon notified the plaintiff that she desired to purchase another ring. She added $140 of her own money and paid a total of $1,040 for a new ring.
On or about November 20, 1948, the defendant reported to the plaintiff that the diamond ring for which she had filed the claim had been found in the home of a friend at Medford, New Jersey. She then tendered herself ready to deliver to the plaintiff either the original ring which had disappeared or the new ring which she had purchased for $1,040. Plaintiff refused this tender and has demanded the repayment of $900.
It has been stipulated by and between counsel that there is absent any question of fraud, the plaintiff being satisfied that the statement of the defendant as to the disappearance of the insured ring was an honest mistake.
Plaintiff contends that since the ring in question did not mysteriously disappear from the premises mentioned in the insurance policy, as proven by the ring's discovery at another *439 address, its settlement in payment was induced by mistake and that it is entitled to recover the sum paid in settlement.
The answer to the position of plaintiff is to be found in Worcester Loom Co. v. Heald, 78 N.J.L. 172 (Sup. Ct. 1909), where the court said:
"We are not now concerned with the question whether or not the objections of the defendants to the plaintiff's claim were unfounded. The rule is that a compromise of a disputed claim made in good faith furnishes a good consideration to support a contract, even though it should appear that such claim was in fact wholly unfounded."
In Dobbs v. New Amsterdam Casualty Co., 101 N.J.L. 176 (E. & A. 1924), the court had before it a matter in which a settlement had been agreed upon after due investigation. Thereafter, but prior to the actual payment of the agreed compromise figure, the insurer notified the insured that it would make no payment, since the loss was not covered by its policy. Recovery was allowed upon the alleged agreement to compromise and settle, although the court refused recovery upon the policy itself.
A compromise of a disputed claim under an insurance policy, made after an investigation of the circumstances concerning a loss, absent any fraud, furnishes a good consideration to support a contract to pay an agreed sum to the insured and is irrevocable.
The action of the plaintiff will therefore be dismissed.