20 N.J. Super. 258 (1952)
89 A.2d 722
ALEXANDRA OTTO MICHALSKI, PLAINTIFF,
v.
MARION MICHALSKI, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 13, 1952.
*260 Mr. Walter D. Van Riper, attorney for the plaintiff.
Mr. Frank A. Palmieri, attorney for the defendant.
FREUND, J.S.C.
This proceeding was brought to set aside a conveyance of a one-half interest in four parcels of real estate made by the plaintiff, Alexandra Otto Michalski, to her defendant husband, Marion Michalski, on the grounds that it was made under duress and without valid consideration. The defendant counterclaims for an accounting of rents and profits and for reimbursement of moneys expended by him in repairs and improvements to the properties.
The parties were married in 1928. The plaintiff, a widow, then 55 years of age, had inherited from her first husband, considerable property, consisting principally of real estate and mortgages. The defendant, then 39 years of age, had lived as a boarder in the home of the plaintiff and her husband since 1910. The defendant's mother was also a member of the household, as well as several of the plaintiff's grown children. By trade the defendant was a carpenter, painter *261 and builder, and seems to have been industrious and hardworking. Shortly after their marriage, the plaintiff and the defendant embarked upon an enterprise of purchasing old dwelling houses in need of renovation and repair, and the defendant either alone or with help proceeded to repair and remodel the buildings so that they became income-producing. The four parcels of real estate which are the subject of this litigation were thus acquired. However, title to them was taken in the sole name of the plaintiff.
It is conceded that the plaintiff held the purse strings. Although the defendant managed the properties, leasing the apartments and collecting the rents, the income from the properties was turned over to his wife, and while he testified that he ofttimes used his own money to purchase materials for use in renovating the buildings, he admitted that he looked to his wife to make up any deficiency.
This mode of living continued for 19 years, during which the household, consisting of husband and wife, the husband's mother and the wife's children, seems to have run smoothly. In 1947, they were living at No. 571 Liberty Street, Orange. The plaintiff and her children testified that the defendant then became quite friendly with a Mrs. Burns who lived next door; that he visited and drank with her; and when they remonstrated with him, he became abusive and threatening to his wife, even resorting to physical violence on occasion, taunting her with his friendship with the nextdoor neighbor and threatening to kill her if she did not convey to him a half-interest in the properties purchased since their marriage. The defendant denied he ever threatened or mistreated his wife, but alleged that in 1947 he found in a closet a shoebox containing $7,000 in cash; that until then he had no knowledge his wife had amassed such a nestegg; that he then confronted his wife with his discovery of the money, told her that as he had contributed his labor and money, he should have a share in their property, and that he wanted her to execute a deed vesting him with title to a half-interest in the four parcels of real estate. No conveyance was made *262 at that time and relations worsened between the plaintiff and the defendant until June, 1949, when Mrs. Michalski, accompanied by either her son or a daughter, visited her attorney, Justin Seymour, to consult him about her domestic situation.
Several discussions were held, during the course of which it was suggested  by whom, Mr. Seymour did not remember  that the situation would be eased if Mrs. Michalski would convey to Mr. Michalski a one-half interest in the four properties acquired since their marriage and which Mr. Michalski had renovated. Mr. Seymour testified that at the first conference Mrs. Michalski was very excited and spoke of her husband's threats, but did not appear to be in fear; that at later conferences she agreed to execute, and finally on July 1, 1949, did execute, the deed; and that although she did so reluctantly, she did it voluntarily and with full knowledge and appreciation of her act. During this period of discussion, Mr. Seymour also saw Mr. Michalski several times  in fact, when it had been decided to deed the one-half interest in the properties, Mrs. Michalski gave the deeds to her husband and it was he who took them to Mr. Seymour's office to have the new deed prepared. Mr. Seymour testified that to the end that peace should again reign in the family, an agreement between the plaintiff and the defendant was executed simultaneously with the execution of the deed by Mrs. Michalski. The agreement provided that the parties would treat each other with kindness; that neither party would mortgage his or her interest in the properties; that the rents should be the property of Mrs. Michalski, except that if Mr. Michalski were unable to work, he would receive one-half of the rents. Further, in order that living conditions might be rendered more harmonious by a change of scene, it was agreed that they move from the Liberty Street property to one of their properties located in Valley Road, West Orange, with assurances to the entire household of the right to occupy the property as long as they wished. Mr. Michalski agreed to execute a will devising his interest in the property *263 to his wife and she agreed to devise her interest to her children, subject to the right of Mr. Michalski and his mother to occupy the premises. Mrs. Michalski executed the deed and the agreement on July 1, 1949, and later in the day Mr. Michalski went to Mr. Seymour's office and executed the agreement.
Following the conveyance and the execution of the agreement, the situation at least on the surface appeared calmer. However, the defendant testified that his wife and her children repeatedly berated him for his alleged friendship with Mrs. Burns and increasingly the children insisted that he reconvey his half-interest in the properties to their mother so that "Mrs. Burns would not get it." Eventually the time arrived when the plaintiff lodged a criminal complaint against her husband on charges of assault and battery; the defendant insisted upon being tried and was acquitted. Six months later, the defendant filed a similar complaint against his wife, but subsequently withdrew it when by arrangement between the parties' attorneys, it was agreed that Mr. Michalski was to leave the domicile, to continue to collect the rents and manage the properties and to divide the profits on an equal basis with the plaintiff. Three weeks later, on February 27, 1951, the plaintiff instituted this proceeding to set aside the conveyance.
The principles of law governing this case are clear and well-established. While a wife may bestow her property by gift on her husband, such transactions are examined by courts of equity with watchfulness and caution, and, in the words of Chancellor Kent, are to be closely inspected on account of the danger of improper influence. Farmer's Executors v. Farmer, 39 N.J. Eq. 211 (Ch. 1884); Johnson v. Johnson, 114 N.J. Eq. 31 (Ch. 1933); Phillips v. Phillips, 118 N.J. Eq. 189 (Ch. 1935). The law recognizes and sustains the right of a husband to the use of all proper influence over the wife, even for his own benefit, but the wife is protected against settlements made upon the husband through fear, and if she carries the burden of establishing this, the *264 settlement will be declared void. Curtis v. Crossley, 59 N.J. Eq. 358 (Ch. 1900); Schultze v. Schultze, 73 N.J. Eq. 597 (Ch. 1907).
However, some elements almost universally present in the cited cases of gift from wife to husband are here lacking. In the case sub judice it is conceded that the wife held the purse strings, that she was the dominant character and accordingly the confidential relationship by which a husband may wield undue influence over his wife did not here exist. Nor is there any question of the wife's mental capacity; she was, and still is, mentally and physically strong.
Moreover, when an agreement partakes of the nature of a family settlement, it is favored in equity. Johnson v. Hubbell, 10 N.J. Eq. 332 (Ch. 1855); Clawson v. Brewer, 67 N.J. Eq. 201 (Ch. 1904), affirmed 70 N.J. Eq. 803 (E. & A. 1905).
It is fundamental that a wife's settlement upon her husband must be her free act, wholly voluntary, without coercion or fraud. A deed made by a wife to her husband under duress will be set aside. Schultze v. Schultze, supra; Ballantine v. Stadler, 99 N.J. Eq. 404 (E. & A. 1926). Here, the conveyance was not made under the degree of constraint or danger which constitutes duress. The testimony, particularly that of Mrs. Michalski's attorney, Mr. Seymour, completely refutes any charge of duress. The plaintiff acted not only upon her own judgment, but upon the advice of her attorney and of her adult children.
The plaintiff next argues that the conveyance should be set aside as being without valid consideration. The general rule is that for mere inadequacy of consideration, unconnected with fraud, a court of equity will not set aside a contract. Phillips v. Pullen, 45 N.J. Eq. 830 (E. & A. 1889); Campbell v. Smullen, 96 N.J. Eq. 724 (E. & A. 1924). Here, there is no evidence of fraud, nor is it charged. The proofs sufficiently establish that the consideration for the conveyance was the agreement executed simultaneously with the deed, and additionally the labor and money which the *265 defendant concededly contributed in making improvements to the premises in question.
From the facts of the instant matter, the inescapable conclusion is that the plaintiff cannot prevail. She failed to sustain the burden of proof which the law demands in such a case. On the contrary, the evidence establishes a voluntary conveyance made for a valid consideration. In any event, the deed here was the result of a family settlement and should not be set aside.
As to the defendant's counterclaim for reimbursement for improvements which he made to the properties prior to the execution of the deed and the agreement, they are presumed to be a gift. Selover v. Selover, 62 N.J. Eq. 761 (E. & A. 1900); Prisco v. Prisco, 90 N.J. Eq. 289 (E. & A. 1918); Luebbers v. Luebbers, 97 N.J. Eq. 172 (Ch. 1925); Strong v. Strong, 134 N.J. Eq. 513 (Ch. 1944), affirmed 136 N.J. Eq. 103 (E. & A. 1944).
Both the complaint and the counterclaim will be dismissed.