22 N.J. Super. 463 (1952)
92 A.2d 97
THOMAS J. DE CARO, ET ALS., PLAINTIFFS-APPELLANTS,
v.
FRANK DE CARO, ALSO KNOWN AS FORTUNATO DE CARO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1952.
Decided November 5, 1952.
*464 Before Judges FREUND, STANTON and CONLON.
Mr. Samuel A. Larner argued the cause for the plaintiffs-appellants (Mr. Morris Pashman, attorney).
Mr. Ralph W. Chandless argued the cause for the defendant-respondent (Messrs. Chandless, Weller, Kramer & Frank, attorneys).
The opinion of the court was delivered by FREUND, S.J.A.D.
The plaintiffs appeal from a judgment denying specific performance of an agreement entered *465 into between them and the defendant, on the ground that the consideration was inadequate. There is no dispute as to the material facts.
Anna De Caro died on April 18, 1950, survived by three children, the plaintiffs herein, and by her husband, the defendant. At the time of her death, she had been living in Hackensack, New Jersey, with her daughter, having separated from her husband who resided in the Borough of Wallington. Under her will, executed on February 28, 1944, she gave her entire estate to her husband Frank De Caro and appointed him executor. The will was drawn and witnessed by her attorney Ignazio J. LaRosa, who was retained by the defendant on the morning following her death, April 19. The next day, April 20, the plaintiffs filed in the Bergen County Surrogate's Court a caveat against the probate of the will. Thereafter, conferences and negotiations ensued among the children, their father and the attorneys for the respective parties, with a view to composing their differences and distributing the assets of the decedent's estate without litigation. These negotiations were carried on for about a month and, as is not unusual, entailed discussion, claims and counterclaims, proposals and counterproposals, drafts and redrafts of agreements. Finally, on May 23, 1950, at the office of the defendant's attorney, in the presence of all the parties and their respective attorneys, an agreement was signed and executed, which agreement is the subject of this litigation.
The agreement, after referring to the will and the caveat, recited that "the parties hereto have intentions of amicably settling the differences between them" and proceeded to make distribution to the parties of various bank accounts. By it the plaintiffs agreed to withdraw the caveat filed by them against the probate of the will, and, pursuant thereto, on May 25, they executed a withdrawal. On June 7 the plaintiffs' attorney forwarded the withdrawal to the defendant's attorney, who filed it with the Surrogate of Bergen County on June 20. The following day the will was probated. Notwithstanding his execution of the agreement, performance *466 by plaintiffs' withdrawal of the caveat, and acceptance thereof by actually filing the withdrawal and probating the will, the defendant refused to perform and distribute the assets in accordance with the contract. As far as we can discern, the defendant's only reason for failure to perform was a change of mind, or heart. The trial court in its opinion said:
"Following the conference the defendant became restive and expressed to his lawyer his unwillingness to carry out his part of the bargain. This fact defendant's lawyer did not make known to the attorney for the plaintiffs. Instead he accepted and filed a withdrawal of the caveat and proceeded to probate the will. Defendant's counsel knew that the withdrawal of the caveat was conditioned upon performance by the defendant. His use of it when he was aware of defendant's intention not to perform was conduct difficult to justify."
Nevertheless, the trial court refused to grant relief to the plaintiffs and dismissed their complaint on the ground that the sum to be received by the defendant under the contract was inadequate and, therefore, "the contract under consideration is neither fair, reasonable, nor just, and specific performance will be denied."
At the time of her death, the decedent had nine bank accounts, totalling about $5,400; four of them totalling approximately $2,500 were in the name of the decedent alone, the other five totalling approximately $2,900 were in the name of the decedent or one or another of her children. Thus, in the name of the decedent or her daughter Jean, $1,453.66; or her son Thomas, $1,439.94; or her daughter Mary, $2.12. There were other assets belonging to the decedent immaterial to the present inquiry. The estate amounts to $5,911.31, including the above bank accounts, and the funeral bill was $1,130.25. The trial court, treating the bank accounts as belonging to the decedent's estate and not to the respective survivors, concluded that if the plaintiffs were successful in setting aside the will, the defendant would still be entitled under the intestacy statute to a greater sum than he would receive under the agreement, and *467 that accordingly the agreement was not reasonable or just. The court said: "hardly a compromise beneficial to the defendant," and concluded: "It may be that in an appropriate proceeding the plaintiffs can establish that there were gifts of the joint bank accounts. But that is for another day." Thus, the sole basis for the refusal to grant specific performance of the agreement was inadequacy of consideration.
The mere fact that a contract is unfair is not enough to render it voidable. Generally, its reasonableness should be considered together with the question of inadequacy of consideration. 5 Corbin on Contracts (1951), § 1164. Moreover, inadequacy of consideration is not necessarily determined purely by monetary standards. In this instance the contract possessed two overriding characteristics, which in the interest of public policy outweigh any charges of unfairness or inadequacy of consideration, as it is the settled policy of the law to favor and enforce such contracts whenever possible. One, it is an agreement for the compromise and termination of litigation. Cubberly v. Cubberly, 33 N.J. Eq. 82 (Ch. 1880); Headley v. Leavitt, 65 N.J. Eq. 748 (E. & A. 1903), and 68 N.J. Eq. 591 (E. & A. 1904); Trenton Street Rwy. Co. v. Lawlor, 74 N.J. Eq. 828 (E. & A. 1908); Worcester Loom Co. v. Heald, 78 N.J.L. 172 (Sup. Ct. 1909); Dobbs v. New Amsterdam Casualty Co., 101 N.J.L. 176 (E. & A. 1924); General Accident Fire, &c. Co. Ltd. v. Batterson, 14 N.J. Super. 436 (Ch. Div. 1951). Two, it was a family settlement. Johnson v. Hubbell, 10 N.J. Eq. 332 (Ch. 1855); Clawson v. Brewer, 67 N.J. Eq. 201 (Ch. 1904), affirmed 70 N.J. Eq. 803 (E. & A. 1905); Michalski v. Michalski, 20 N.J. Super. 258 (Ch. Div. 1952). Thus, mere inadequacy of consideration or a change of mind is not a sufficient reason for refusal to perform such a contract or for the court to deny relief. Chubb v. Peckham, 13 N.J. Eq. 207 (Ch. 1860); Shaddle v. Disborough, 30 N.J. Eq. 370 (Ch. 1879); Bosch Magneto Co. v. Rushmore, 85 N.J. Eq. 93 (Ch. 1915); Yanko v. Goldberg, 101 N.J. Eq. *468 170 (Ch. 1927); Cline v. Kurzweil, 141 N.J. Eq. 508 (Ch. 1948), affirmed 1 N.J. 407 (1949); 5 Williston, Contracts (rev. ed.), § 1428; 5 Corbin on Contracts (1951), § 1165.
Moreover, the defendant expressed to his attorney his unwillingness to carry out the agreement, but such dissatisfaction was not made known to the plaintiffs. Van Name v. Federal Deposit Ins. Co., 130 N.J. Eq. 433, 452 (Ch. 1941), affirmed 132 N.J. Eq. 302 (E. & A. 1942). The plaintiff had already performed by delivery to the defendant's attorney of the withdrawal of the caveat, and the defendant affirmatively accepted such performance by filing the withdrawal. He knew that such withdrawal was conditioned upon his performance of the agreement. Not only was his filing of the withdrawal of the caveat and his probate of the will entirely inconsistent with his non-performance, but it constituted inequitable conduct in that it changed the plaintiffs' position without possibility of restoration. Trenton Street Rwy. Co. v. Lawlor, supra.
In his brief on appeal, the defendant charges the agreement was the result of fraud or mutual mistake. The point was not previously raised, and accordingly it is not necessary that it now be considered. However we note in passing that fraud was not interposed as an affirmative defense, nor does the record disclose that at the trial any attempt to prove it was made.
Judgment reversed.