80 N.J. Super. 582 (1963)
194 A.2d 488
CHARLES P. YOUNG, PLAINTIFF-RESPONDENT,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A BODY CORPORATE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 30, 1963.
Decided October 18, 1963.
*583 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. John J. Lee argued the cause for appellant (Messrs. Campbell, Mangini & Foley, attorneys).
Mr. Thomas D. Nary argued the cause for respondent.
The opinion of the court was delivered by CONFORD, S.J.A.D.
Defendant appeals from a summary judgment in favor of plaintiff in the amount of an agreed settlement by the defendant insurance company of a claim for damages sustained in an automobile accident.
On May 2, 1962 plaintiff was involved in an automobile accident with a car operated by John Anderson, who, at least until April 26, 1962, was insured for liability under a policy issued by defendant. After instituting suit against Anderson plaintiff negotiated a settlement of the claim with the defendant company for $2,455.55, and exchanged a release and stipulation for dismissal of the action for the defendant company's check in the stated sum. Before bank clearance of the check, however, defendant stopped payment on it and rescinded the settlement on the ground that Anderson's coverage under the policy had expired April 26, 1962 for non-payment of renewal premium, the company having assertedly acted under a mistake of fact as to the continued subsistence of *584 the coverage as of the time of the accident when it settled the claim with plaintiff's attorney.
Not all of the foregoing facts were technically before the court on plaintiff's motion for summary judgment, defendant having failed (unjustifiably) to file an answering affidavit setting forth the facts of mistake. However, the trial court appears to have grounded its action primarily upon a conclusion that the defendant was legally bound by its agreement of settlement even if the facts as to mistake, stated as above summarized in the course of defendant's argument in opposition to the motion, were true. The court relied upon its interpretation of our opinion in Great American Ins. Co. v. Yellen, 58 N.J. Super. 240 (App. Div. 1959). We think it fair to conclude that if the trial court had deemed the asserted facts as to mistake legally efficacious to absolve defendant of liability, it would have directed it to supply proof of the facts by an answering affidavit, in the interests of arriving at a legally correct determination. Defendant offered to supply such an affidavit when the motion was argued.
Before coming to the conclusion arrived at herein we required the defendant to file with us an affidavit of the alleged facts concerning expiration of coverage and mistake. The affidavit submitted to us indicates that the factual foundation of the defendant's legal position is more than colorable.
The additional fact should be noted that plaintiff, in addition to instituting the accident suit against Anderson, also filed a timely notice of intention with the Unsatisfied Claim and Judgment Fund Board pursuant to N.J.S.A. 39:6-65, and that, according to a letter from the manager of the Fund submitted to the trial court before decision on the motion, the settlement here negotiated "would be one that could be approved by the * * * Fund Board if it is not paid from other sources."
In Great American Ins. Co. v. Yellen, supra, we held that where a fire insurance company, by inadvertent clerical error inside the company's administrative organization, issued a *585 check in full payment of a fire claim which the company's authorized agent had already rejected as without merit, under circumstances importing knowledge of such error to the insured, the payment was recoverable by the company as having been made under a mistake of fact, no prejudice to the payee appearing to have attended the restitution. The annotation in 167 A.L.R. 470 (1947), cited in Yellen (58 N.J. Super., at p. 245), summarizes the cases on the point with the observation (at p. 471): "Generally speaking, if payments were made because of a serious mistake of fact by the insurer, it is entitled to restitution unless it has agreed to assume the risk of mistake or there is some reason which makes it inequitable or inexpedient for restitution to be granted." This rule thus stated is merely a counterpart of the general rule of restitution for mistake stated at page 244 of the Yellen opinion.
In principle, the same considerations governing relief for mistake should apply where the payment has not yet been made, but has been agreed upon, and the mistaken party seeks rescission of the agreement. 17A C.J.S. Contracts § 418(2), p. 512.
In rejecting defendant's argument below, the trial judge expressed the view that relief to the insurer was barred by the following language in the Yellen opinion (58 N.J. Super., at p. 245):
"While the rule of restitution, as just stated, is generally available to insurance companies making payments on policies, Annotation, 167 A.L.R. 470, 471 (1947), there is a well-defined exception, sometimes described as `assumption of the risk,' in cases where the insurance company deliberately elects to make payment of a claim on a policy although it is conscious that it does not know all the facts material to its liability to the payee. 167 A.L.R., op. cit., supra, at page 476."
However, it does not appear that that rule is applicable to this defendant under its avowal of the facts involved. Accepting those facts for purposes of this appeal, the company here was not conscious that it did not or might not know all the facts material to its liability to plaintiff. The agents who *586 negotiated and authorized the settlement on its behalf thought they did know the essential fact, i.e., that the Anderson policy was in effect and outstanding when the accident took place. In no sense did the company, when agreeing to the settlement, expressly or impliedly assume a risk that the policy had expired, in the intendment of the concept of assumption of risk as used in the decisions referred to in Yellen.
It is quite clear that rescission of the settlement agreement in this case does not prejudice plaintiff at all, at least insofar as appears from anything of record in the case thus far. Plaintiff seemingly has precisely the same rights against Anderson as he would have been left with if the defendant had advised him originally that there was no coverage under the previous policy instead of mistakenly settling the claim because of the misinformation as to the continued subsistence of the policy. If the facts are otherwise, plaintiff can show them on the remand. Indeed, it would appear that when and if final judgment is entered in favor of defendant in the present action, plaintiff will enjoy satisfaction of his claim at the hands of the Unsatisfied Claim and Judgment Fund Board.
We do not regard Dobbs v. New Amsterdam Casualty Co., 101 N.J.L. 176 (E. & A. 1925), or General Accident Fire, etc., Corp., Ltd., v. Batterson, 14 N.J. Super. 436 (Ch. Div. 1951), as calling for different conclusions from those above reached. In Yellen, supra, we analyzed both of those decisions to represent "assumption of the risk" situations, within the rationale of that principle as discussed in Yellen (58 N.J. Super., at p. 245). The Dobbs case does not mention the mistake rule at all. Further, while settlement of litigation is unquestionably an objective of high rank in our public policy, we noted in Jannarone v. W.T. Co., 65 N.J. Super. 472, 477 (App. Div. 1961), that enforcement of an agreement to settle an action was subject to considerations "as to the fairness and equity of the settlement." It seems to us there is nothing fair about enforcing a "settlement" agreed to by *587 an insurance company when it was under the mistaken impression that it was on the risk when in fact it was not and when its immediate disavowal leaves the other party with all of his rights and remedies against the uninsured party fully intact.
We therefore reverse the summary judgment granted the plaintiff. The motion should be reconsidered on the basis of such affidavits concerning the expiration of coverage and the nature and circumstances of the alleged mistake as defendant chooses to submit. This opinion is not necessarily to be taken as an unqualified approval of the sufficiency of the affidavit tendered to this court (that affidavit has exhausted its legal effect with the decision of this appeal), and it certainly does not condone defendant's failure to have filed proper affidavits in the first instance. See Heljon Management Corp. v. DiLeo, 55 N.J. Super. 306 (App. Div. 1959).
Plaintiff raises a question as to the effectiveness of the alleged termination of the policy coverage. He may pursue this issue on the remand.
Reversed and remanded for further proceedings conformable with this opinion. Costs below up to this point and on this appeal to plaintiff regardless of the final outcome of the case.