ZENO SBARAGLIO ET AL., PLAINTIFFS-RESPONDENTS, v. SALVATORE VICARISI, DEFENDANT-APPELLANT.

Submitted November 1, 1932—Decided January 31, 1933.

For the plaintiffs-respondents, *Whiting & Moore.*

For defendant-appellant, *Nicholas La Vecchia* and *Herbert A. Kuvin.*

The opinion of the court was delivered by

WELLS, J.  This is an appeal by the defendant from a judgment entered on a *postea* signed by Judge Porter, sitting as a Circuit Court judge in a Supreme Court issue, which *postea* was based upon the findings of Julian Berla, a referee to whom the case had been referred by consent.

The suit was to recover the sum of $3,695, which the plaintiffs claim is the balance owing by defendant to them on a contract for the construction of three-story brick building and four garages in the city of Newark, and for extras less certain allowances.  Among the extras was a claim for $4,000 for the installation of a heating plant, which had been inadvertently omitted by the plaintiffs in making up their bid, which plaintiffs allege defendant agreed to pay; and also a claim for $1,375 (less an allowance of $400 for an omitted incinerator) representing the price for additional cost of erection occasioned by the bursting of a sewer pipe without any fault of plaintiffs, resulting in a cave-in of the cellar excavation, the filling of the same with water and making it impracticable for plaintiffs to continue with the construction of the building.  This additional cost plaintiffs allege defendant agreed to pay.  An answer was filed by the defendant in which he denied owing the plaintiffs anything.  The first general defense was that plaintiffs failed to finish the contract on time, that the defendant on the request of plaintiffs for the payment of extras, refused to pay for the extras but counter-demanded

a sum for the loss of rentals caused by the delay in completing the contract; that plaintiffs failed to produce architect's certificate that work was done as per contract; that the painting was defective, the roof leaked, the cellar was not water-tight, piping was improperly covered, that steam valves were not installed in radiators as required by the contract, &c.; and that thereupon in consideration of the demands by the plaintiffs and the counter-demands by the defendant the plaintiffs and defendant mutually agreed that their respective claims should be satisfied by the defendant paying the plaintiffs $3,000, which the defendant says he did, and that the same was in full accord and satisfaction of plaintiffs' claims and demands.

There were no law points raised in the answer. The issue framed was, therefore, an issue of fact.

After the filing of a reply the parties consented to a reference. This reference is not in the usual form and, with the exception of the concluding paragraphs, pertaining to the payment of the expenses of the reference and to the entry of the rule in the minutes, is set out in full as follows:

"The above entitled cause being regularly on the daily call in this December term, 1931, and it appearing to the court that counsel for the plaintiffs and for the defendant have consented hereto, and it further appearing to the court that the matters in controversy between the parties hereto involve the alleged performance of and the alleged non-performance of the terms and provisions of a certain building contract and extra work thereunder, and also a complete accord and satisfaction of the alleged claims.

"It is on this 28th day of December, 1931, ordered, that the above matters in controversy existing therein be and they are hereby referred to Julian Berla, a competent architect, to ascertain and report to this court his findings of fact, after hearing all of the evidence submitted by the respective parties hereto and also from a personal examination of the premises involved in the within litigation.

"And it is further ordered that the said report of said referee shall have the same force and effect, as to factual issues found by him, as a jury verdict on said facts;

"And it is further ordered that upon the coming in of said report, either party hereto, upon     days' notice to the other party hereto, may make application to the Honorable Newton II. Porter, Esq., Circuit Court judge, for a *postea* on said report and the law applicable to such cases."

After hearing the evidence submitted by the respective parties and making a personal examination of the premises, the referee found the sum of $2,180 to be due from the defendant to the plaintiffs and after due notice, an order was made confirming the referee's report and the *postea* was signed and judgment entered accordingly.

The amended *postea* gives a lucid recital of the proceedings before Judge Porter as follows:

"Upon the application of the plaintiffs for an order confirming the referee's report and the signing of the *postea*, the defendant, by his attorney, moved for a judgment in favor of the defendant on the said referee's report upon the following grounds:

(a) That the referee's report had the effect of a special verdict by a jury and was conclusive as to findings of fact only and not as to a general verdict, and that the trial court upon such findings of fact and the law applicable to such cases should enter a verdict in favor of the defendant and against the plaintiffs in spite of the referee's recommendation in favor of the plaintiffs.

(b) That the plaintiffs are not entitled to collect for the work done by them on the excavation for the reason that the plaintiffs were obligated by law to perform what they had already agreed to do, regardless of what happened by way of accidents or unforeseen circumstances, and because their contract did not provide against such emergencies and that any agreement for payment for said extra work was *nudum pactum*.

(c) That plaintiffs were not entitled to recover for the steam heating plant for the same reason as urged under (b) hereof.

(d) That there was an accord and satisfaction and the plaintiffs' claims were fully paid and satisfied.

"After hearing argument of counsel and reading the briefs submitted by counsel, and considering the referee's report, the motion made by defendant for the direction of a verdict in his favor was denied, to which defendant prayed exception as grounds for appeal and said exception was noted."

The principal contention raised by this appeal is whether or not the referee's report had the effect of a jury verdict. The plaintiffs maintain that it did. The defendant says that the referee's report was not conclusive as a jury general verdict but was only a fact finding inquiry and that the *postea* should have been entered only after the court had considered the facts so found by the referee and the law applicable to such cases and facts.

This court recently held in *Bocchiero* v. *Carrino,* 108 *N. J. L.* 176, that an order of reference entered by consent of the parties will be treated as a jury verdict, unless the order of reference states to the contrary. Appellant undertakes to differentiate that case from the instant case by a comparison of the two orders of reference. In the Bocchiero *v.* Carrino case the matters in controversy were referred to "some competent person to ascertain, determine and report upon such matters, whereas in the instant case the consent between the parties was not to have the matters in controversy determined by the referee, but to have the referee *ascertain* and report *factual issues* only. Appellant argues that where the reference is merely to report the facts, it has the effect of a "special verdict." The practice in cases of special verdicts is indicated by Supreme Court rule 110 where provision is made for submission to the jury of written questions, embracing the disputed facts in issue and the amount of damages. The question and answers are to be entered upon the minutes and the court may enter a general verdict.

The rule further provides: "In case of a rule to show cause for a new trial, or an appeal, a statement of the case, including the questions and answers, shall be prepared and filed and shall have the effect of a special verdict. In considering the case upon review, the court may draw inferences of fact." No effort appears to have been made by the defendant to

comply with this practice, and the record is barren of any indication that a special verdict was contemplated until after the referee had made his report.

The questions as to the installation of a heating system and the performance of the additional work required because of the bursted sewer main, were clearly questions of fact. The parties could agree that, by their interpretation of the contract these items were extra work and that compensation should be paid for such work.

The testimony shows that the work was at a standstill and that a controversy existed as to the meaning of the contract and that a dispute existed as to the work to be done and moneys to be paid thereunder.

In *Worcester Loom Co.* v. *Heald et al.,* 78 *N. J. L.* 172; 72 *Atl. Rep.* 421, it was held that:

"A compromise of a disputed claim made in good faith furnished a good consideration to support a contract, even though it should appear that such claim was in fact wholly unfounded. The court will not inquire into the adequacy or inadequacy of the consideration of a compromise fairly and deliberately made."

Upon the failure to agree upon the compensation for this work these matters were properly referred to the referee to determine as questions of fact what was a fair amount to be paid by the defendant to the plaintiffs therefor.

By the report of facts the referee declared that the plaintiffs had substantially completed the contract, with the exception of an incinerator, for which allowance of $400 was made to the defendant, and that the architect's certificate was waived (the architect testified that the work had been properly done), that the defense of accord and satisfaction for $3,000 had not been made out, and that there should be added to the contract price the sum of $3,000 for the cost of the installation of the heating plant. This finding of the referee as to the heating plant was in effect a finding of fact that there was an agreement between the parties, as alleged by the plaintiffs, that the cost of installing the heating plant was to be paid for by defendant as an extra.

We think that the mutual advantage accruing to the plaintiffs and defendant respectively by the agreements entered into between them as to extras, &c., whereby the defendant was benefited by the completion of the work and the reduction of the plaintiff's claim and the plaintiffs were benefited by having the questions of extras decided, constituted a sufficient consideration for the agreements and that upon the basis of the original contract and the subsequent agreements the referee was justified in his finding of facts.

The testimony presented before the referee is not printed in the state of the case and it would therefore be impossible for this court to determine whether or not the award made by the referee was legally supported by the evidence.

Assuming, without deciding, that the findings of the referee were incorrect as to the law and the facts, we do not think that this appeal has a legal basis.

*Grantwood Lumber Co.* v. *Aragona*, 109 *N. J. L.* 447, decided at the October term of this court, was a suit in mechanics' lien where no contract had been filed and the case was referred to a referee by consent, and trial by a jury was waived, with the stipulation that the waiver "is not a waiver of right to file exceptions to the referee's report on matters of laws." The issue tried before the referee was whether the work done was within the purview of section 10 of the Mechanics' Lien act. A mixed question of fact and law was presented and the referee reported that the section applied and that the building and land were not specially liable.

The plaintiff filed exceptions to the report.

Mr. Justice Parker, speaking for this court, said: "It is settled that in a case of this kind the report must be treated as a verdict; that exceptions cannot be taken to the judge's decision on motion to confirm it and that if the referee had erred, the remedy is by application to set aside the report and grant a new trial. *Runyon* v. *Hodges,* 46 *N. J. L.* 359. Assuming that the argument of the "exception" in this case amounted to a motion to set aside the report, the refusal of the court so to do is not reviewable by appeal corresponding to writ of error. *Children's Home Association* v. *Hall,* 47 *Id.* 152."

The court in this case went so far as to hold that the attempt to reserve a right to except to the report on matters of law, related to a right that did not exist and could not be reserved, except as embodied in a motion to set aside the report, the determination of which is not reviewable.

We are of the opinion, therefore, that the findings by the referee of a balance due by the defendant to the plaintiffs is a finding of fact and has the legal effect of a jury verdict and that the defendant's remedy, if dissatisfied with the report was by motion to set it aside and ask for a new trial, and that the order denying the motion to direct a verdict for the defendant and the order confirming the referee's report are not appealable.

The appeal should therefore be dismissed.

*For affirmance*—The Chancellor, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Brogan, Heher, Kays, Hetfield, Wells, Kerney, JJ. 13.

*For reversal*—None.